**Ex parte Paul Walter KOHUT.**

No. 05–97–00291–CR.

Court of Appeals of Texas, Dallas.

Oct. 29, 1997.

Robert Udashen, Dallas, for appellant.

Sue Korioth, Asst. Dist. Atty., Dallas, for state.

Before THOMAS, C.J., and WRIGHT and MOSELEY, JJ.

THOMAS, Chief Justice.

Paul Walter Kohut is awaiting trial for driving while intoxicated. In the trial court, he filed a motion to suppress the evidence obtained as a result of the traffic stop. Specifically, he argued that the negative determination of reasonable suspicion by an administrative law judge during a driver's license suspension hearing collaterally estopped the State from relitigating the issue of reasonable suspicion at trial and required the court to suppress evidence derivative of the allegedly illegal stop. The trial court denied the motion. Appellant subsequently filed an application for writ of habeas corpus seeking the same relief. See TEX.CODE CRIM. PROC. ANN. art. 11.07, § 2 (Vernon Supp.1997). The trial court denied the relief requested, and appellant brought this appeal. We affirm.

Appellant was stopped on suspicion of driving while intoxicated (DWI). The officer who stopped appellant told a back-up officer that he initiated the traffic stop because appellant was driving erratically. The back-up officer noted several indicia of intoxication and arrested appellant for DWI. Appellant refused the officer's request that he take an intoxilyzer breath test. Based on this refusal, a hearing was held before an administrative law judge (ALJ) to determine whether appellant's driver's license should be suspended under section 724.035 of the transportation code. See TEX. TRANSP. CODE ANN. § 724.035 (Vernon Pamph.1997).

One of the issues raised at the administrative hearing was whether reasonable suspicion existed to initiate the traffic stop. See TEX. TRANSP. CODE ANN. § 724.042(1) (Vernon Pamph.1997). The State attempted to prove reasonable suspicion by offering the affidavit of the back-up officer who arrested appellant. The ALJ determined that reasonable suspicion was not properly proved because hearsay rules prevented the arresting officer from testifying about the other officer's reasons for the stop. See McVickers v. State, 838 S.W.2d 651, 656 (Tex.App.—Corpus Christi 1992), aff'd, 874 S.W.2d 662 (Tex. Crim.App.1993). Consequently, appellant's driver's license was not suspended. See TEX. TRANSP. CODE ANN. § 724.043(b) (Vernon Pamph.1997).

In the pending criminal case, appellant filed a motion to suppress all evidence derivative of the traffic stop. Appellant argued that the ALJ had determined there was no "probable cause" to believe appellant was driving while intoxicated and thus the issue was barred from further litigation under the principles of collateral estoppel.[1] The trial court denied the motion to suppress.

Appellant then filed an application for writ of habeas corpus in the trial court. He again argued that the federal doctrine of collateral estoppel, as a subset of the larger Double Jeopardy Clause, barred the State from relitigating the issue of whether the officer had reasonable suspicion to initiate the traffic stop. He asked the trial court to enter an order barring the State from relitigating the matter. The trial court denied the relief requested.

Appellant does not assert that the entire DWI prosecution is barred. Indeed, any claim that the entire trial is barred under collateral estoppel would be meritless because it is already well settled that a finding of guilt at a DWI trial is not inconsistent with a former determination that police did not have probable cause to arrest or reason-

1. Appellant's written motion to suppress misstates the issue decided against the State at the license suspension hearing as one of probable cause to arrest rather than reasonable suspicion to stop. At the hearing on the motion to suppress, appellant alternately refers to the issue decided against the State as one of probable cause to stop or reasonable suspicion to stop. Despite the careless use of terminology at the trial level, the record reflects all parties understand the issue to be one of reasonable suspicion to stop.

able suspicion to stop. *See Neaves v. State,* 767 S.W.2d 784, 787 (Tex.Crim.App.1989); *Ex parte McFall,* 939 S.W.2d 799, 801 (Tex. App.—Fort Worth 1997, no pet.); *Ex parte Ayers,* 921 S.W.2d 438, 441 (Tex.App.—Houston [1st Dist.] 1996, no pet.). Rather, appellant complains only that the State should be collaterally barred under federal law from attempting to prove in the trial court that the officer had reasonable suspicion to stop him.

■ Collateral estoppel is one of the protections encompassed within the Fifth Amendment guarantee against double jeopardy. *Ashe v. Swenson,* 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970); *State v. Aguilar,* 947 S.W.2d 257, 259 (Tex. Crim.App.1997). If certain facts have been determined by a valid and final judgment, the doctrine of collateral estoppel prevents the State from relitigating those facts in order to establish a crime. *See Ashe,* 397 U.S. at 443, 90 S.Ct. at 1194; *Ex parte Byrd,* 752 S.W.2d 559, 564 (Tex.Crim.App.1988).

■ The United States Court of Appeals for the Fifth Circuit has held, however, that the federal doctrine of collateral estoppel applies only insofar as it is necessary to bar against double jeopardy. *Showery v. Samaniego,* 814 F.2d 200, 203 (5th Cir.1987). The court further held that there is no due process basis, independent of the Double Jeopardy Clause, for the application of collateral estoppel. *Showery,* 814 F.2d at 203. This holding was reaffirmed in *Nichols v. Scott,* 69 F.3d 1255, 1269–70 (5th Cir.1995), *cert. denied,* 518 U.S. 1022, 116 S.Ct. 2559, 135 L.Ed.2d 1076 (1996). The federal court did recognize that the Texas Court of Criminal Appeals is authorized to extend state constitutional guarantees beyond those afforded by the federal constitution. *Showery,* 814 F.2d at 204; *see also Neaves,* 767 S.W.2d at 785 n. 1. Appellant, however, does not make a state constitutional argument; his complaint is based on the federal constitution alone. Consequently, in order to prevail on his collateral estoppel claim, appellant must show that, if successful, it would operate to protect him against double jeopardy.

■ There are no double jeopardy implications under the present facts. In the constitutional sense, jeopardy describes the risk that is traditionally associated with actions intended to authorize criminal punishment. *See Breed v. Jones,* 421 U.S. 519, 528–29, 95 S.Ct. 1779, 1785–86, 44 L.Ed.2d 346 (1975). It is clearly established that the administrative suspension of a driver's license does not amount to "punishment" for purposes of the Double Jeopardy Clause of the Fifth Amendment. *Ex parte Tharp v. State,* 935 S.W.2d 157, 161 (Tex.Crim.App. 1996).

■ Because license suspension hearings do not authorize criminal "punishment," appellant was never, in the constitutional sense, placed in jeopardy. *See Ex parte Martinez,* 942 S.W.2d 89, 92 (Tex.App.—Fort Worth 1997, no pet.) (a license suspension hearing does not place an individual in jeopardy). Because appellant has not been in jeopardy even once, he is in no danger of being twice placed in jeopardy for the same offense. We therefore conclude his collateral estoppel claim has no double jeopardy implications. The federal doctrine of collateral estoppel therefore provides no basis for relief. *See Showery,* 814 F.2d at 203; *State v. Smiley,* 943 S.W.2d 156, 158–59 (Tex.App.—Amarillo 1997, no pet.) (holding that a negative finding of probable cause by an administrative law judge did not collaterally estop the State from relitigating the issue of probable cause at trial).

We are aware of the court of criminal appeals' recent decision that administrative driver's license suspension hearings may give rise to collateral estoppel protections under certain circumstances. *Aguilar,* 947 S.W.2d at 259–60. *Aguilar* involved a State's appeal from an order granting a motion to suppress. The court granted review to determine whether the State's method of license revocation bars the application of collateral estoppel. The court held that collateral estoppel may apply even though the license revocation procedure is labelled "administrative" in nature. *Aguilar,* 947 S.W.2d at 259. It concluded that courts must determine on a case by case basis whether a fact finding made pursuant to an administrative proceeding creates a collateral bar to a contrary factual

finding in a later proceeding. *Aguilar,* 947 S.W.2d at 259.

We do not find *Aguilar* controlling. The court in *Aguilar* did not address the constitutional issue we address here because it was able to reverse the lower court's ruling on other grounds. Moreover, there was statutory authority for the State's appeal in *Aguilar.* Article 44.01(a)(5) of the code of criminal procedure permits the State to appeal the granting of a motion to suppress if jeopardy has not attached. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp.1997). On the other hand, there is no comparable statute that permits defendants to appeal interlocutory orders before jeopardy has attached.

Appellant, through the application for writ of habeas corpus and subsequent appeal, essentially is seeking review of the trial court's interlocutory ruling on the pretrial motion to suppress. Because appellant's federal collateral estoppel claim does not implicate the Double Jeopardy Clause of the Fifth Amendment, appellant's pretrial application for writ of habeas corpus was not the proper avenue to seek relief from the trial court's ruling. Thus, we conclude the trial court did not err in denying the relief appellant sought. Accordingly, we affirm the trial court's order denying appellant the relief requested in his pretrial application for writ of habeas corpus.