**Ex parte James F. DUNLAP.**

**No. 2–96–507–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 26, 1998.

---

**26.** Tex.R. Civ. P. 277; *Depriter,* 931 S.W.2d at 630.

Michael Logan Ware, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Assistant District Attorney and Chief of the Appellate Section, Debra Ann Windsor, Andrea Rentie, Assistant District Attorneys, Fort Worth, for Appellee.

Before DAY, LIVINGSTON and RICHARDS, JJ.

## OPINION ON REHEARING

LIVINGSTON, Justice.

The original opinion issued in this case was withdrawn because this court granted a motion for rehearing en banc in *Ex parte Serna,* 957 S.W.2d 598 (Tex.App.—Fort Worth 1997, no pet. h.) (op. on reh'g), a controlling case. The sole issue in this appeal is to what extent, if any, an administrative law judge's findings from an administrative license suspension hearing collaterally estops the State from prosecuting appellant in criminal court for intoxication assault. Because the Texas Legislature has expressly provided that an administrative law judge's factual findings from a suspension hearing arising out of a driver's refusal to submit to a breath test shall not estop the State from relitigating matters at issue in a subsequent criminal proceeding and, in any event, the administrative law judge's factual determinations in the instant case were not necessary findings, we affirm the trial court's denial of habeas relief.

### Background

Appellant was arrested at the scene of a motorcycle/automobile accident in Fort Worth, Texas on May 28, 1995. Appellant was placed under arrest and refused to submit to a breath test. The Texas Department of Public Safety served appellant notice that his license would be suspended for a period of ninety days because of his refusal.

Appellant exercised his right to a hearing on the suspension before an administrative law judge. On July 6, 1995, the judge denied the Department's petition to suspend appellant's license. This denial was based on the following findings of fact:

On May 28, 1995, reasonable suspicion to stop and probable cause to arrest the Defendant without a warrant did not exist because the proof at the hearing did not

demonstrate probable cause as required by Article 14.01, TEX. CODE CRIM. PROC., and relevant case law, because the police officer who arrested Defendant for DWI did not observe Defendant driving or in actual physical control of a motor vehicle, nor did the evidence demonstrate Defendant had driven or had actual physical control of a motor vehicle while intoxicated within Officer Robinson's presence or view.

On October 16, 1996, appellant filed a pre-trial writ of habeas corpus alleging that the double jeopardy clause barred his prosecution for intoxication assault. Appellant also asserted that the doctrine of collateral estoppel barred relitigation of the issue of probable cause and asked that the trial court bar the State from presenting evidence arising from his arrest. The trial court granted the writ and after a hearing denied the requested relief.

Appellant brings four points complaining that the trial court erred in denying the requested habeas relief because the double jeopardy provisions of the United States and Texas Constitutions collaterally estop the State from relitigating the issues of: (1) whether there was reasonable suspicion to stop or probable cause to arrest appellant; and (2) whether there was probable cause that appellant drove or had actual physical control of a motor vehicle in a public place while intoxicated. Additionally, appellant has attempted to appeal an adverse ruling on a motion to suppress "in a related criminal case."

### Motion to Suppress

■ In points one and two, appellant complains that the trial court erred in denying his motion to suppress in the related criminal case. We refuse to address these complaints because we are without jurisdiction to address a trial court's denial of a defendant's motion to suppress in a pending case. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.); *see also Ex parte Culver*, 932 S.W.2d 207, 210 (Tex. App.—El Paso 1996, pet. ref'd).

Accordingly, the portions of points one and two, as they relate to the motion to suppress, are dismissed for want of jurisdiction.

### Collateral Estoppel

■ In the rest of his first point and in his third point, appellant complains that the trial court erred in denying habeas relief because the double jeopardy clause of the United States Constitution estops the State from relitigating the issues of: (1) whether reasonable suspicion to stop or probable cause to arrest appellant existed on the date of the accident; and (2) whether probable cause existed that appellant was driving or in actual physical control of a motor vehicle in a public place while intoxicated.[1]

The Texas Legislature has expressly provided that findings arising out of a suspension hearing after a person's refusal to take a breath test do not preclude litigation of the same or similar facts in a subsequent criminal prosecution. *See* TEX. TRANSP. CODE ANN. § 724.048(a) (Vernon 1998); *see also Ex parte McFall*, 939 S.W.2d 799, 801 (Tex. App.—Fort Worth 1997, no pet.).

Additionally, the State contends that Texas case law precludes the application of collateral estoppel in this case. First, the State contends that appellant was not in jeopardy of a criminal conviction so collateral estoppel cannot arise. Second, the State argues that because the administrative law judge exceeded his authority and failed to apply the correct legal standard, the judge's findings are entitled to no deference and should not give rise to collateral estoppel.

---

1. Appellant's restatement of point three contends that the trial judge erred in denying habeas relief because the State is collaterally estopped from relitigating "the issues of whether appellant had driven or had actual physical control of a motor vehicle while intoxicated on the occasion in question." Appellant's argument in the court below, however, was limited to whether the State is estopped from relitigating whether probable cause existed to believe that appellant was driving or in actual physical control of a motor vehicle in a public place while intoxicated. Accordingly, we refuse to address point three as restated. *See Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990).

Appellant's argument under point three focuses on the issue of probable cause. We will limit our review to this issue.

The doctrine of collateral estoppel is a child of the constitutional protection against double jeopardy. *See Ladner v. State,* 780 S.W.2d 247, 250 (Tex.Crim.App. 1989). While the parent doctrine of double jeopardy bars a subsequent prosecution in its entirety when the evidence required to support a conviction at the first trial would have been sufficient to warrant a conviction at the second trial, its progeny, collateral estoppel, bars only the relitigation of facts in the second trial when those facts were necessarily established against the government in the first trial. *See Ex parte Tarver,* 725 S.W.2d 195, 198 (Tex.Crim.App.1986).[2]

The State argues that appellant was not in jeopardy of a criminal conviction in the administrative license suspension hearing, so collateral estoppel cannot arise. A criminal prosecution after an administrative license suspension does not violate the Fifth Amendment's prohibition against double punishment and does not collaterally estop the State from prosecution. *See Ex parte Tharp,* 912 S.W.2d 887, 894 (Tex.App.—Fort Worth 1995), *aff'd,* 935 S.W.2d 157 (Tex.Crim.App. 1996). Because the Texas Legislature has expressly provided that an administrative law judge's findings at a suspension hearing under the refusal statute do not estop the State from relitigating issues properly before the administrative court, the trial court did not err in denying appellant's requested habeas relief.

Point one as it relates to collateral estoppel and point three are overruled.

## Texas Constitutional Claims

In the remainder of point two and in point four, appellant complains that his rights under the double jeopardy provision of the Texas Constitution are broader than under the United States Constitution. Appellant contends that the concept of collateral estoppel is broader under the Texas Constitution because the Texas double jeopardy provision specifically refers to "life or liberty," whereas the federal double jeopardy clause refers only to "life or limb." *Compare* TEX. CONST. art. 1, § 14 *with* U.S. CONST. amend. V. Appellant argues that because he faced the possibility of losing his driver's license at the administrative hearing, collateral estoppel arises under the Texas Constitution because the administrative proceeding placed him in jeopardy of losing his "liberty interest" in driving.

Appellant cites no authority for the assertion that "the privilege of driving the public roadways is a 'liberty' interest within the meaning of the double jeopardy provision of the Texas Constitution." The term "liberty" encompasses those unalienable rights rooted in natural law, not privileges or rights conferred by statute. A license to drive an automobile on public roads in the State of Texas is a privilege. *See Tharp v. State,* 935 S.W.2d 157, 159 (Tex.Crim.App.1996) (quoting *Ex parte Arnold,* 916 S.W.2d 640, 642 (Tex.App.—Austin 1996, pet. ref'd)). We reject appellant's argument that he has a liberty interest in maintaining his driver's license.

Appellant cites *Bauder v. State,* 921 S.W.2d 696, 697–98 (Tex.Crim.App.1996) for the proposition that the double jeopardy provision of the Texas Constitution affords greater protection than its federal counterpart. The *Bauder* court held that the Texas double jeopardy clause bars retrial of a defendant not only after a defendant's motion for a mistrial is granted when objectionable conduct of the prosecutor was intended to goad a defendant into requesting a mistrial, but also when a mistrial is granted as a result of a prosecutor's reckless disregard that an objectionable event would require a mistrial at the defendant's request. *Id.* at 699. We find this concept inapplicable to criminal prosecution following an administrative license suspension hearing. We hold that the doctrine of collateral estoppel under the Texas Constitution's double jeopardy

---

2. The United States Supreme Court first explained the doctrine of collateral estoppel, known also as issue preclusion, in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970):

"Collateral estoppel" ... means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.
*Id.* at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475.

provision does not afford criminal defendants any greater protection than its federal counterpart. *See Ex parte Beeman,* 946 S.W.2d 616, 616 (Tex.App.—Fort Worth 1997, no pet.).

Point two as it relates to collateral estoppel, and point four, are overruled.

### Conclusion

To the extent that appellant complains of the trial court's denial of his motion to suppress, we dismiss appellant's points for want of jurisdiction. Because we find that (1) the Texas Legislature has expressly prohibited the application of collateral estoppel or issue preclusion after an administrative suspension hearing under the refusal statute and (2) the doctrine of collateral estoppel under the Texas Constitution's double jeopardy provision does not afford criminal defendants any greater protection than its federal counterpart, we affirm the trial court's denial of habeas relief.