**Mark Steven THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–97–01602–CR.**

Court of Appeals of Texas,
Dallas.

April 9, 1999.

John H. Hagler, Attorney at Law, Dallas, for Appellant.

Kenneth Jefferson Bray, Assistant District Attorney, Dallas, for State.

Before Justices OVARD, MORRIS, and WRIGHT.

## OPINION

JOSEPH B. MORRIS, Justice.

After a trial before the court, Mark Steven Thomas appeals his conviction for driving while intoxicated. Appellant challenges the factual sufficiency of the evidence to support the conviction. He also claims the trial court violated the doctrine of collateral estoppel by permitting the State to litigate certain elements of the offense and by denying his motion to sup-

press. We affirm the trial court's judgment.

The general background of the case is not complicated. While driving in the early morning hours of November 2, 1996, appellant struck the back of another car stopped at a traffic light. The car he struck then hit the car in front of it. The driver of the car at the front of the line, Carl Hall, testified that he thought appellant had been drinking because appellant's eyes were a little glossy and he was stumbling.

The police officer who responded to the scene testified that appellant had blood-shot eyes and smelled of alcohol. The officer administered three sobriety tests to appellant at the scene and arrested him for driving while intoxicated. The officer testified that, in her opinion, appellant did not have the normal use of his mental and physical faculties due to alcohol consumption.

During the drive to jail, appellant said, "Folks, I shouldn't have been out doing what I was doing." Once at the jail, the officer videotaped appellant in the intoxilyzer room. Appellant agreed to take three sobriety tests while being videotaped. Appellant refused, however, to take an intoxilyzer test. The State charged appellant with the criminal offense of driving while intoxicated. Also, because appellant refused to take the intoxilyzer test, he was subject to having his driver's license suspended under provisions in the Texas Transportation Code. See TEX. TRANSP. CODE ANN. §§ 724.031–.048 (Vernon Pamph.1999).

In his first two points of error, appellant challenges the factual sufficiency of the evidence to support the judgment. The standard for reviewing a claim of factual insufficiency is clearly established. See *Scott v. State*, 934 S.W.2d 396, 399 (Tex. App.-Dallas 1996, no pet.). We simply review the evidence in support of and contrary to the trial court's findings to determine whether the trial court's judgment is so contrary to the great weight of the

evidence as to be clearly wrong and unjust. *See id.*

■ Appellant first challenges the trial court's finding that he was intoxicated. He points out that Carl Hall did not testify that appellant was intoxicated but only that he thought appellant "had been drinking." He also contends the officer's testimony that appellant failed three sobriety tests at the scene was insufficient to show intoxication because the tests were administered immediately after appellant had been involved in an automobile accident and were administered on a "heavily traveled road." He further argues that his statement, "I shouldn't have been out doing what I was doing," merely refers to the accident alone and not to his driving while intoxicated. Finally, appellant points out that there are no intoxilyzer results in evidence and contends he does not appear intoxicated on the videotape. Appellant's arguments are unpersuasive.

The fact that Carl Hall testified he thought appellant "had been drinking" does not contradict the trial court's finding of intoxication, but supports it. We reach the same conclusion with respect to the absence of intoxilyzer test results. Appellant's refusal to take the intoxilyzer test implies he believed he would fail it because he thought he was intoxicated. *See Gaddis v. State,* 753 S.W.2d 396, 399–400 (Tex. Crim.App.1988) (intoxication is legitimate deduction from defendant's refusal to take breath test). Appellant offered no other explanation for his refusal to take the test.

Furthermore, appellant's assertion that his statement, "I shouldn't have been out doing what I was doing," referred only to the accident is not apparent from the record. There is no evidence that the statement refers to anything in particular. Further, having reviewed the videotape, we conclude appellant's assertion that he does not appear intoxicated in the videotape is debatable. Neither one of these two assertions definitively favors or contradicts the trial court's judgment.

Finally, appellant's explanation that he failed the sobriety tests at the scene because of the recent accident and because he was standing on a busy road does not weigh against appellant's guilt. One test was a stationary balance test; the other two tests measured appellant's verbal and mental skills. There is no evidence that appellant was physically, mentally, or verbally impaired as a result of the car accident or that the accident or road conditions had any effect on his performance of the sobriety tests. His conclusion that they had such an effect is not supported by the record. Moreover, to the extent these two factors bear on the credibility of the police officer's testimony that appellant was intoxicated, their determination is within the sole province of the fact finder.

We have reviewed appellant's arguments in his first point of error in light of all the facts in the record before us. We conclude the assertions raised by appellant either support the trial court's judgment or do not definitively support or contradict it. If reasonable minds can draw two equally reasonable conclusions from the evidence, we may not reverse the conviction on factual insufficiency grounds. *See Cain v. State,* 958 S.W.2d 404, 410 (Tex.Crim.App. 1997); *Scott,* 934 S.W.2d at 399.

■ In his second point of error, appellant challenges the factual sufficiency of the evidence to prove he operated the vehicle. In particular, appellant contends the only evidence showing he operated a vehicle is Hall's testimony that he observed the accident and the "driver got out." Appellant asserts that Hall simply assumed appellant was the driver because no one else was in the vehicle. He contends this alone is insufficient to support the judgment.

The record does not support appellant's argument. Hall testified that, after the accident, he approached the car immediately behind him and then he approached the last car to see if everybody was alright. Hall testified that "the driver" of the last car got out of the car. Hall then clarified that when he said "the driver," he meant

appellant. Defense counsel did not cross-examine Hall. Appellant now contends that Hall only assumed appellant drove the last car because Hall stated no grounds for his "opinion." It is equally plausible, however, that Hall's testimony was based on personal observation. Moreover, appellant's statement to police that, "I shouldn't have been out doing what I was doing," supports the trial court's finding that appellant drove the car.

Having reviewed the entire record under the applicable standard of review, we cannot conclude the evidence is so uncertain, inconsistent, improbable, or unbelievable that it would be clearly unjust to allow the conviction to stand. We also cannot conclude the court's findings that appellant was intoxicated and operated the vehicle are against the great weight of the evidence. The evidence is factually sufficient to support the trial court's findings. We overrule appellant's first and second points of error.

Appellant's remaining three points of error challenge the denial of his special plea in bar and motion to suppress, both of which asserted that the State was collaterally estopped from litigating issues previously decided in appellant's favor at a driver's license suspension hearing. *See* Tex. Transp. Code Ann. §§ 724.031–.048 (Vernon Pamph.1999) (providing for driver's license suspension after breath test refusal). The facts relating to these three points of error follow.

Before trial began, appellant urged a special plea in bar that the State was collaterally estopped from litigating the legality of the traffic stop and arrest, as well as the fact issue of whether appellant was driving while intoxicated on *November 11, 1996.* Defense counsel urged that these matters had already been decided against the State in a civil administrative hearing, as reflected in an order signed by a county court at law judge. The judge's order was attached to appellant's plea in bar. It recited that certain facts had not been established by a preponderance of the evidence, including that on or about *November 1, 1996,*

(1) reasonable suspicion to stop or probable cause to arrest Mark Steven Thomas existed,

(2) probable cause existed that Mark Steven Thomas was driving or in actual physical control of a motor vehicle in a public place while intoxicated,

(3) Mark Steven Thomas was arrested and offered an opportunity to give a specimen of breath or blood under certain provisions in the transportation code, and

(4) Mark Steven Thomas refused to give the requested specimen.

*See* Tex. Transp. Code Ann. § 724.042(1)–(4) (Vernon Pamph.1999) (listing the four issues at suspension hearing). The county court at law judge's order also required the reinstatement of Mark Steven Thomas's driver's license.

The trial court denied appellant's special plea in bar. Immediately thereafter, appellant asserted a motion to suppress the evidence obtained as a result of the stop and arrest on the ground that the legality of the stop and arrest had already been decided against the State. Again, the trial court denied appellant's motion, and the case moved to trial. We address appellant's federal claims first.

In his fourth point of error, appellant contends that, under the United States Constitution and federal law, the State was collaterally estopped from litigating the fact issues of whether appellant operated the vehicle and whether he was intoxicated. He contends that the federal doctrine of collateral estoppel, as embodied in the Fifth Amendment's guarantee against double jeopardy, collaterally estopped the State from litigating the issues of whether appellant was intoxicated and was operating a motor vehicle. We are not persuaded by appellant's argument.

This Court has previously decided that collateral estoppel, as it is embodied

in the Fifth Amendment, is not available to appellant unless his complaint implicates the protections of the Double Jeopardy Clause. *See Ex parte Kohut*, 971 S.W.2d 522, 524 (Tex.App.-Dallas 1997, pet. ref'd). Because an administrative driver's license suspension is not considered punishment for purposes of the Double Jeopardy Clause, a suspension hearing has no estoppel effect on a later criminal prosecution arising out of the same facts. *Id.* Therefore, appellant's argument is meritless.

Not long after *Kohut* issued, however, the court of criminal appeals revisited the question of whether collateral estoppel attaches to administrative driver's license suspension hearings. *See State v. Brabson*, 976 S.W.2d 182 (Tex.Crim.App.1998). *Brabson* notes that two types of collateral estoppel apply in criminal cases: administrative collateral estoppel (as adopted from the federal common law) and collateral estoppel "as embodied in the Fifth Amendment guaranty against double jeopardy." *See id.* at 183 n. 2. We have already determined that the latter cannot apply in this case. *Brabson* suggests, however, that administrative collateral estoppel would apply if (1) the suspension hearing was a "full hearing" at which the parties had an adequate opportunity to litigate the relevant fact issue, (2) the fact issue appellant seeks to estop is the same in both proceedings, and (3) the fact finder at the suspension hearing acted in a judicial capacity. *See id.* at 183–84; *State v. Aguilar*, 947 S.W.2d 257, 259–60 (Tex.Crim.App.1997).

The record before us is inadequate to permit us to determine if administrative collateral estoppel prevents the District Attorney's office from litigating the fact issues of whether appellant was intoxicated and whether he operated a vehicle. The only evidence of an administrative suspension hearing is the county court at law judge's order signed after an apparent appeal from an administrative law judge's decision. As described above, the order contains negative fact findings on the four statutory issues. *See* Tex. Transp. Code

Ann. § 724.042 (Vernon Pamph.1999). It is apparent from the order, however, that the judge did not hear evidence but considered only the argument of counsel. We do not consider the presentation of argument to be "adequate opportunity" to litigate relevant fact issues.

Further, none of the written findings made by the county court at law judge relate to the issues of whether appellant was intoxicated and operated a vehicle. Certainly, the finding that there was no probable cause to believe Mark Steven Thomas was driving while intoxicated does not preclude a later finding that appellant was, in fact, driving while intoxicated. *See Neaves v. State*, 767 S.W.2d 784, 787 (Tex. Crim.App.1989) (holding that finding of guilt at DWI trial is not inconsistent with former determination that police did not have probable cause to arrest). And there is no reporter's record from which we may determine whether the parties had an adequate opportunity to litigate the relevant issues before a fact finder acting in a "judicial capacity."

█ Moreover, the judge's order recites the offense date as November 1, 1996, while the offense date in the State's information is November 2, 1996, and the offense date asserted in appellant's special plea in bar is November 11, 1996. Thus, we do not know whether the suspension hearing related to the offense for which appellant was being tried. In fact, we have no way of confirming that the person named in the order is appellant. Even assuming there was a full hearing before a fact finder acting in a judicial capacity who decided the relevant issues in appellant's favor, the judge's order reflects that the Texas Department of Public Safety, not the District Attorney, was the party seeking suspension. These two entities have been determined not to be the same party, a fact that alone precludes the application of administrative collateral estoppel. *See Brabson*, 976 S.W.2d at 184. Accordingly, we overrule appellant's fourth point of error.

In a brief, but related, fifth point of error, appellant contends the trial court erroneously denied his motion to suppress evidence obtained as a result of his arrest. Relying on *Aguilar*, he contends the State was collaterally estopped from challenging the previous determination that there was no reasonable suspicion to stop or probable cause to arrest appellant. Again, we conclude appellant's argument is meritless because the District Attorney and the Texas Department of Public Safety are not the same entity and because there is no record of the driver's license suspension hearing below. We overrule appellant's fifth point of error.

In his third point of error, appellant contends that, under Texas law, the State was collaterally estopped from litigating the fact issues of whether appellant operated the vehicle and whether he was intoxicated. We assume, for purposes of discussion, that appellant has preserved this particular complaint for review.

 A Texas statute directly addresses this issue. *See* TEX. TRANSP. CODE ANN. § 724.048(a)(2) (Vernon Pamph.1999). It provides that an administrative law judge's determination in a driver's license suspension hearing is independent of and not an estoppel with respect to any issue in a criminal adjudication arising from the occurrence that is the basis for the driver's license suspension or denial. *See id.* The Fourteenth District Court of Appeals has upheld this statute against constitutional attack. *See State v. Montgomery*, 957 S.W.2d 581, 583 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd). Appellant does not challenge the constitutionality of the statute and does not address the statute's provisions. The plain language of the statute dictates that any findings made by an administrative law judge in connection with appellant's case cannot estop the State from litigating any issue in the criminal prosecution.

By its text, however, the statute applies only to findings made by the department of public safety or an administrative law judge. Was the county court at law judge who presided at the appeal of appellant's driver's license suspension hearing an "administrative law judge" for purposes of applying the statute? That question is not presented here for us to decide. Even assuming, however, that the findings made by the county court at law judge are not governed by the statute, appellant's state law claim still fails. This is so because the doctrine of collateral estoppel contained within the Texas Constitution's double jeopardy provision provides no greater protection than its federal counterpart. *See Ex parte Dunlap*, 963 S.W.2d 954, 957–58 (Tex.App.-Fort Worth 1998, no pet.). Accordingly, for the reasons discussed under appellant's fourth point of error relating to his federal law claims, we overrule appellant's state law claims asserted in his third point of error.

We affirm the trial court's judgment.