**Affirmed and Opinion Filed June 3, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00320-CR**

**PAOLO ALEXANDRA HELLMAN, Appellant**
**v.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. MB10-53817-G**

## OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice FitzGerald

A jury convicted appellant of driving while intoxicated, and the trial judge sentenced her to ninety days in jail, probated for twelve months, and an $800 fine. In two issues on appeal, appellant argues the trial court erred in admitting evidence that she refused a breath test and in instructing the jury on the presumption of innocence. Finding no reversible error, we affirm the trial court's judgment.

## BACKGROUND

At 11:00 p.m. on March 4, 2010, Officer Matthew Finley of the Dallas Police Department initiated a traffic stop of appellant's vehicle after he observed the vehicle weave in the lanes and fail to come to a complete stop at a stop sign. When Officer Finley activated his lights, the vehicle failed to slow down or signal that it was stopping. After Officer Finley also activated his siren, appellant brought the vehicle to a stop in a parking lot.

Officer Finley observed that appellant had bloodshot eyes and a "strong odor of an alcoholic beverage coming from her." Officer Finley asked appellant where she had been and if she had consumed any alcoholic beverages. Appellant initially replied that she was coming from a bar and had consumed two beers. But after the officer decided to conduct field sobriety tests, appellant told him she had actually consumed four beers.

Officer Finley performed three field sobriety tests — the horizontal nystagmus ("HGN") test, the walk and turn test, and the one-leg stand test. On the HGN test, appellant exhibited six of six possible clues indicating intoxication. She exhibited five of eight clues of intoxication on the walk and turn test, and three of four clues of intoxication on the one-leg stand test. Officer Finley attributed appellant's inability to successfully complete these tests to her intoxication.

Appellant refused to take a portable breath test ("PBT"). Based on his conversations with appellant and her performance on the field sobriety tests, Officer Finley determined that appellant did not have normal use of her mental or physical faculties due to the introduction of alcohol in the body, and could not safely operate a motor vehicle. Appellant was placed under arrest.

At trial, the State offered the videotape showing the stop. Counsel for appellant objected to the portion of the video where appellant refused the PBT, stating "the test that he's trying to give her has absolutely no scientific validity," and "it's irrelevant because the probative value of it is far outweighed by the prejudicial value of it." The trial court overruled the objection and admitted the entire videotape into evidence. Before Officer Finley testified that he did not place appellant under arrest until she refused to take the PBT, counsel for appellant asked for and received a running objection on the PBT based upon the prior objection.

Upon conclusion of the trial, the jury found appellant guilty of driving while intoxicated.

The trial judge sentenced appellant to ninety days in jail, probated for twelve months, and an $800 fine, and this appeal followed.

## ANALYSIS

### *Refusal to take PBT*

In her first issue on appeal, appellant argues the trial court erred in allowing evidence of her refusal to take a PBT because PBT's lack scientific validity. Appellant also argues that the admissibility of evidence concerning the failure to submit to a breath test "is limited to a test that was properly requested in accordance with the Texas Transportation Code," and the "device is not certified . . . as required for breath testing devices allowed by the statute." Appellant's trial objections, however, were limited to relevance, scientific validity, and a Rule 403 objection. Therefore, our inquiry on appeal is limited by the scope of appellant's objections at trial.[1] *See Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990) (holding complaint on appeal that differs from trial court objection not preserved for appeal).

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to guiding rules or principles. *Makeig v. State*, 802 S.W.2d 59, 62 (Tex. Crim. App. 1990).

It is well established that a refusal to submit to a breath test is relevant and admissible as evidence of consciousness of guilt. *Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008). And several courts have held that like other field sobriety tests, the results of a portable breath test are admissible to show the presence of alcohol. *See Adams v. State*, 156 S.W.3d 152, 156 (Tex. App.—Beaumont 2005, no pet.); *Hill v. State*, No. 06-12-00016-CR, 2012 WL

---

[1] In addition, appellant does not identify the statute upon which she bases her argument or provide any authority to support her contentions. Therefore, appellant's statutory arguments are also waived as inadequately briefed. *See* TEX. R. APP. P. 38.1.

2226610, at *1, n. 3 (Tex. App.—Texarkana, June 18, 2012, no pet.) (mem. op.). For example, in a case involving a similar portable breath test known as a "PAS," the San Antonio court noted that while the PAS is not certified under the transportation code, the test is used as a qualitative indicator of intoxication, not as evidence of alcohol concentration. *Fernandez v. State*, 915 S.W.2d 572, 576 (Tex. App.—San Antonio 1996, no pet.). Thus, the court concluded "because the PAS test was only introduced qualitatively as another indicator of intoxication, much like the other field sobriety tests," it was not error to admit evidence of the PAS. *Id; see also Fowler v. State,* No. 04-06-00777-CR, 2007 WL 2315971 (Tex. App.—San Antonio Aug. 15, 2007, pet. ref'd) (mem. op.) (concluding no error to refuse suppression of use of PBT device as evidence that alcohol was detected).

Significantly, appellant offers no authority for the proposition that a PBT test lacks scientific validity when used like a field sobriety test to detect the presence of alcohol. Moreover, in this instance the PBT was not even utilized to demonstrate the presence of alcohol because appellant refused to take the test. Although appellant concedes that the refusal to submit to the taking of a blood or alcohol specimen may be introduced as evidence at trial and referred to by the state in argument, she insists these principles apply only "to a test that was properly requested in accordance with the Texas Transportation Code."[2] But appellant provides no authority or explanation as to how the refusal to take a PBT differs from the refusal to take any other type of breath test as relevant evidence of consciousness of guilt. *See Bartlett*, 270 S.W.3d at 153; *see also Thomas v. State*, 990 S.W.2d 858, 860 (Tex. App.—Dallas 1999, no pet.) (refusal to take breath test implies person believes he will fail it because he is intoxicated).

---

[2] Appellant does not specifically assert that the test was improper for failure to give statutory warnings or otherwise follow the directives iof the transportation code, nor did she raise either of these arguments in the court below.

Therefore, under these circumstances, we cannot conclude the trial court acted outside the zone of reasonable disagreement in admitting evidence that appellant refused to take the test.

In addition, even if the trial court erred in admitting evidence that appellant refused the PBT, appellant has failed to demonstrate she suffered any harm. There was testimony from Officer Finley about the field sobriety tests he performed and appellant's admission that she had consumed alcohol. The officer also testified about his personal observations of appellant, including her bloodshot eyes and the odor of alcohol on her person. A DVD of appellant's performance on the field sobriety tests was admitted into evidence. The refusal to take the PBT was referred to only briefly during Officer Finley's testimony and in the State's closing argument. Therefore, on this record there is no indication that the admission of the complained-of evidence affected appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b). Appellant's first issue is overruled.

### *Presumption of Innocence Instruction*

In her second issue, appellant asserts the trial court erred in refusing her proposed jury instruction on the presumption of innocence. The State responds that the trial court properly instructed the jury and did not err in refusing appellant's proposed additional verbiage. We agree with the State.

In our review of alleged jury charge error, we first determine whether the charge contains error. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If error exists and appellant objected to the error at trial, we determine whether the error caused sufficient harm to require reversal. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984), *superseded on other grounds by rule as stated in Rodriguez v. State*, 758 S.W.2d 787 (Tex. Crim. App. 1988) (if error exists and was preserved, reversal required if error caused "some harm" to appellant from the error).

The Legislature has codified the presumption of innocence in the penal code and the code of criminal procedure. Section 2.01 of the penal code and article 38.03 of the code of criminal procedure provide:

> All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial.

TEX. PENAL CODE ANN. § 2.01 (West 2011); TEX. CODE CRIM. PROC. ANN. art. 38.03 (West Supp. 2012).

Appellant's counsel requested that the trial court also include a statement that "The presumption of innocence alone is sufficient to acquit the defendant unless you as jurors are satisfied of the defendant's guilt beyond a reasonable doubt." The trial court denied appellant's request.

On appeal, appellant provides no authority for the proposition that the trial court's refusal of the requested additional language was error. Instead, she asserts only that the language is included in the Texas Pattern Jury Charges, and should therefore be included. We are not persuaded by this argument.

> Here, the jury was instructed:

> In all criminal cases the burden of proof is on the State. All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial.

When a court provides an instruction on the presumption of innocence, language that is substantially similar to the language in the penal code and code of criminal procedure has been deemed sufficient. *See Sweaney v. State,* 632 S.W.2d 932, 934–35 (Tex. App.—Fort Worth 1982, no writ). Here, the instruction tracked the language of the statutes verbatim. Therefore, we

conclude the trial court did not err in refusing appellant's proposed instruction. Appellant's second issue is overruled.

Having resolved all of appellant's issues against her, we affirm the trial court's judgment.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

120320F.U05

Do Not Publish
TEX. R. APP. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PAOLO ALEXANDRA HELLMAN,
Appellant

No. 05-12-00320-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 6, Dallas County, Texas
Trial Court Cause No. MB10-53817-G.
Opinion delivered by Justice FitzGerald.
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this June 3, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE