**AFFIRM; and Opinion Filed May 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00802-CR

**ZACHARY DEAN DERRICK, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law**
**Rockwall County, Texas**
**Trial Court Cause No. CR13-0331**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Fillmore

A jury convicted Zachary Dean Derrick of misdemeanor driving while intoxicated (DWI). The trial court assessed punishment of 180 days' confinement in the Rockwall County Jail and a fine of $1,000, but suspended the period of confinement and placed Derrick on community supervision for twenty-four months. Derrick contends the evidence was insufficient to support the conviction. We affirm the trial court's judgment.

### Background

The only witness at trial was Texas Department of Public Safety Trooper Jacob Farley. By the time of trial, Farley had been a state trooper for eleven years; he had approximately four additional years of law enforcement experience as a military police officer in the United States Air Force. He was trained both while in the Air Force and after becoming a state trooper on how to conduct standardized field sobriety tests (SFSTs) and was certified to conduct SFSTs. In

October 2013, he was also certified as an SFST instructor. Farley testified in detail about how to conduct SFTSs and interpret a person's performance of SFSTs. In Farley's opinion, SFSTs are extremely reliable indicators of intoxication.

At approximately 2:15 a.m. on February 23, 2013, Farley was driving on Interstate 30 when he saw a car, later determined to be driven by Derrick, merging onto the highway at a "very high rate of speed." Farley accelerated to ninety-five miles per hour while attempting to "catch up" to the car. Farley's Stalker radar indicated the car was traveling at eighty-nine miles per hour and continued to accelerate to 103 miles per hour. Other than speeding, Farley did not see Derrick commit a traffic violation.

Because the car was exceeding the posted speed limit, Farley initiated a traffic stop. Derrick exited the highway and stopped at a stop sign. Because the two cars were parked in a lane of traffic and it was not a safe location, Farley used his public address system to instruct Derrick to move forward into the driveway of The Harbor. Derrick complied with Farley's instructions.

When Farley approached the driver's side window of the car, the odor of alcohol emanated from the vehicle. Derrick's eyes appeared to be bloodshot and glossy. Derrick also appeared to be very relaxed, somewhat dazed, and a little confused. Farley saw Derrick's driver's license and a money clip on the front passenger seat of the car. Farley requested that Derrick give him the driver's license. Derrick looked for the driver's license in the money clip, and Farley had to remind him the license was on the front passenger's seat.

Farley requested that Derrick get out of the car and asked Derrick why he was speeding. As the two were talking, Farley noticed Derrick was swaying back and forth. Farley also determined that the specific source of the odor of alcohol was Derrick's body and breath.

Derrick told Farley that he had gone to the Flying Saucer and Weekends and was on his way home. Derrick stated that, since approximately 7:30 p.m., he had drunk three beers and a Scotch.

Farley administered three SFSTs to Derrick. On the horizontal gaze nystagmus (HGN) test, Derrick exhibited all six clues that he was intoxicated. Farley also noted that Derrick swayed during the test. On the walk-and-turn test, Derrick exhibited four of eight possible clues, failing to maintain balance during instructions, failing to walk heel to toe, stepping off the line, and turning improperly. Exhibiting two clues on the walk-and-turn test is sufficient to indicate intoxication. On the one-leg stand test, Derrick exhibited only one of four clues, swaying while balancing. One clue on the one-leg stand test is not sufficient to indicate intoxication. A recording of the stop, including Derrick's performance of the SFSTs, was played for the jury.

Farley agreed that the interpretation of a person's performance on SFSTs is subjective, and an officer could make a mistake. However, in his opinion, Derrick did not have the normal use of his mental and physical faculties due to the introduction of alcohol into his body. Although Farley agreed it was not "the most extreme case of intoxication" he had ever seen, he believed, based on the totality of the circumstances, that Derrick was intoxicated.

Farley arrested Derrick for DWI and took him to the intoxilyzer room at the jail. Farley read Derrick the warnings on the "DIC-24" form, which, among other things, state the refusal to give a specimen of breath or blood could be used against Derrick in a prosecution and could subject him to a six-month suspension of his driver's license.[1] Derrick refused to provide the breath sample requested by Farley. A recording from the intoxilyzer room was played for the jury.

---

[1] Section 724.015 of the transportation code requires an officer to provide certain information orally and in writing before requesting a specimen of a person's breath or blood for analysis to determine alcohol concentration. TEX. TRANSP. CODE ANN. § 724.015 (West Supp. 2014). The DIC-24 is the Texas Department of Public Safety's standard form containing the written warnings required by section 724.015. *See Martin v. Dep't of Pub. Safety*, 964 S.W.2d 772, 773 (Tex. App.—Austin 1998, no pet.).

**Sufficiency of the Evidence**

In his only issue on appeal, Derrick contends the evidence is insufficient to support the jury's finding he was intoxicated. We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). We examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Matlock*, 392 S.W.3d at 667. This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319; *see also Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). As the fact finder, the jury is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) ("The factfinder exclusively determines the weight and credibility of the evidence.").

We defer to the jury's determinations of credibility, and may not substitute our judgment for that of the jury. *Jackson*, 443 U.S. at 319; *Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (in conducting legal sufficiency analysis, appellate court "may not re-weigh the evidence and substitute our judgment for that of the jury"). When there is conflicting evidence, we must presume the factfinder resolved the conflict in favor of the verdict, and defer to that resolution. *Jackson*, 443 U.S. at 326; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence and, alone, can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Evidence is sufficient if "the

inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Wise*, 364 S.W.3d at 903.

To obtain a conviction for DWI, the State was required to prove beyond a reasonable doubt that Derrick was intoxicated while operating a motor vehicle in a public place. *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014). As charged in this case, a person is intoxicated if he does not have the normal use of his mental or physical faculties due to the introduction of alcohol into the body. TEX. PENAL CODE ANN. § 49.01(2)(A) (West 2011). Evidence that logically raises an inference of intoxication includes, among other things, stumbling, swaying, slurring or mumbling words, an inability to perform SFSTs or follow directions, bloodshot eyes, any admissions concerning what, when and how much the defendant had been drinking, and the odor of alcohol on the person or the breath. *Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010); *Cotton v. State*, 686 S.W.2d 140, 142 & n.3 (Tex. Crim. App. 1985). Further, a person's refusal to submit to a breath test can support the inference that he believed he would fail the test because he thought he was intoxicated. *Gaddis v. State*, 753 S.W.2d 396, 399 (Tex. Crim. App. 1988); *Thomas v. State*, 990 S.W.2d 858, 860 (Tex. App.—Dallas 1999, no pet.); *see also* TEX. TRANSP. CODE ANN. § 724.061 (West 2011) (refusal of request to submit to breath test admissible at trial); *Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008) (evidence of refusal to submit to breath test "tends to show consciousness of guilt"). Finally, an experienced officer's opinion, based on observed facts, that a person was intoxicated can be sufficient to prove the elements of intoxication. *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. [Panel Op.] 1979); *Watkins v. State*, 741 S.W.2d 546, 549 (Tex. App.—Dallas 1987, pet. ref'd); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).

Farley initiated a traffic stop after determining Derrick was driving 103 miles per hour in an area with a posted speed limit of sixty miles per hour. Derrick exited the highway, and

stopped his car at a stop sign. Because Farley did not believe it was safe to conduct a traffic stop in a lane of traffic, he instructed Derrick to move his car forward. When Farley approached Derrick's car, he noticed the odor of alcohol emanating from the vehicle. Derrick's eyes were bloodshot and glossy, and Derrick appeared relaxed, confused, and a little dazed. Derrick had difficulty finding his driver's license even though Farley could see it on the front passenger seat of the vehicle.

After Derrick got out of the car, Farley could tell the specific source of the odor of alcohol was Derrick's body and breath. Derrick admitted to drinking three beers and one Scotch since 7:30 p.m. Derrick swayed during his performance of the HGN test, and his performance on the HGN and walk-and-turn tests indicated he was intoxicated. In Farley's opinion, based on the totality of the circumstances, Derrick had lost the normal use of his mental and physical faculties due to the introduction of alcohol into his body. After he was arrested for DWI, Derrick refused to provide a sample of his breath.

Derrick argues the evidence was insufficient to support a finding he was intoxicated because the SFSTs are subjective in their interpretation and capable of misinterpretation; he passed the one-leg stand test; he was in control of his vehicle; he properly responded to Farley's requests that he stop and move his car; he properly got out of his car; and he was able to comprehend and respond to Farley's questions and instructions. However, the jury heard Farley's testimony and viewed the recordings of the traffic stop, including Derrick's performance of the SFSTs, and of the intoxilyzer room. "[R]econciliation of conflicts in the evidence is within the exclusive province of the jury," *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000) (quoting *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986)), and we may not substitute our opinion for that of the jury. *Thornton*, 425 S.W.3d at 303.

Viewing the evidence in the light most favorable to the verdict, we conclude a rational juror reasonably could find, based on all the evidence and the inferences that can be drawn from the evidence, that Derrick was intoxicated  *See Jackson*, 443 U.S. at 319; *Wise*, 364 S.W.3d at 903.

We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140802F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ZACHARY DEAN DERRICK, Appellant

No. 05-14-00802-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law, Rockwall County, Texas,
Trial Court Cause No. CR13-0331.
Opinion delivered by Justice Fillmore, Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of May, 2015.