The STATE of Texas, Appellant,

v.

Mark E. AGUILAR, Appellee.

Nos. 04–94–00675–CR, 04–94–00676–CR.

Court of Appeals of Texas,
San Antonio.

June 7, 1995.

Discretionary Review Granted
Sept. 20, 1995.

924, 926 (Tex.1965); 32 Tex.Jur.3d *Eminent Domain* § 262 (1984).

Steven C. Hilbig, Criminal Dist. Atty., Margaret M. Fent, Asst. Criminal Dist. Atty., San Antonio, for appellant.

George Scharmen, San Antonio, for appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

## OPINION

CHAPA, Chief Justice.

The State appeals the granting of a pretrial motion to suppress in favor of appellee Mark E. Aguilar on the grounds of collateral estoppel. The issue is whether the trial court committed reversible error in granting the motion to suppress on the grounds of collateral estoppel based on findings in a prior administrative hearing.

Appellee was arrested and charged with the offenses of driving while intoxicated and resisting arrest. Appellant was notified of the suspension of his driver's license based on this arrest, and he requested an administrative hearing pursuant to Article 6687b, Section 22(a) of Texas Revised Civil Statutes. TEX.REV.CIV.STAT.ANN. art. 6687b, § 22(a) (Vernon Supp.1995). The municipal judge, acting as an administrative judge, ruled against the Department of Public Safety, and made the following finding of fact: "The State of Texas acknowledged that *no probable cause for arrest was presented* in this administrative proceeding, and the court finds that there was *no probable cause alleged* for the arrest of defendant." (Emphasis added). Based on this finding, the appellee filed a motion to suppress all the evidence resulting from the arrest, contending that the critical issue of "probable cause" could not be relitigated under the doctrine of collateral estoppel. No statement of facts of the administrative hearing was presented to the trial court or to this court. The trial court agreed with appellee and granted the motion, which is the subject of this appeal.

" 'Collateral estoppel' ... means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970). Some courts have held that "collateral estoppel is inapplicable here because a hearing to suspend a person's license is not a traditional adversarial hearing but is administrative and civil in nature." *Walton v. State,* 831 S.W.2d 488, 490 (Tex.App.—Houston [14th Dist.] 1992, no writ); *see Burrows v. Texas Dep't of Pub. Safety,* 740 S.W.2d 19, 21 (Tex.App.—Dallas 1987, no writ); *see also State v. Brabson,* 899 S.W.2d 741, 745 (Tex.App.—Dallas 1995) (reaffirming *Burrows* holding that collateral estoppel does not arise from administrative license suspension proceeding in justice court). In *Neaves v. State,* 767 S.W.2d 784 (Tex.Crim.App.1989), the court "concluded that appellant's license suspension hearing involved no 'issue of ultimate fact' in common with his subsequent prosecution for driving while intoxicated...." *Id.* at 787.

However, in *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1559–60, 16 L.Ed.2d 642, 660–61 (1966), the Court made the following statement, which is equally applicable to collateral estoppel:

> Occasionally courts have used language to the effect that *res judicata* [collateral estoppel] principles do not apply to administrative proceedings, but such language is certainly too broad. When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it *which the parties have had an adequate opportunity to litigate,* the courts have not hesitated to apply *res judicata* [collateral estoppel] to enforce repose.

*Id.* at U.S. 421–22, 86 S.Ct. 1559–60 (emphasis partially added); *Ex parte Tarver,* 725 S.W.2d 195, 199 (Tex.Crim.App.1986).

In order for an administrative agency to be "acting in a judicial capacity"

and for the issue involved to have been properly "litigated," the administrative hearing must involve "a trial court acting as finder of fact, after a full hearing on an issue at which both the State and an accused are represented by counsel. . . ." *Ex parte Tarver,* 725 S.W.2d at 199. In a motion to suppress hearing, the defendant has the burden of establishing all the requirements in order to invoke the doctrine of collateral estoppel. *See Ladner v. State,* 780 S.W.2d 247, 258 (Tex.Crim.App.1989).

 The parties agree that we must not disturb the findings of the trial court in a pre-trial hearing absent an abuse of discretion. *Freeman v. State,* 723 S.W.2d 727, 729 (Tex.Crim.App.1986). At the motion to suppress hearing, appellee simply established that he was the same party involved in the arrest and the administrative hearing and introduced the ruling of the municipal judge and the findings of the municipal judge as to probable cause heretofore set out. The State presented Marilyn Burrier, an examiner for the Department of Public Safety, who testified (1) that she was not a lawyer but only the examiner for the Department of Public Safety that handled the administrative hearing involving appellee, (2) that the administrative hearing was informal, consisting only of the municipal judge reviewing the documents filed by the Department of Public Safety, (3) that the State was not represented by legal counsel at any time in the hearing, (4) that no witnesses were presented by either side, (5) that in these administrative hearings, the municipal judge customarily rules against the Department when the charging officer fails to allege probable cause in the documents reviewed by the judge, (6) that the charging officer in this case failed to allege probable cause, and the ruling was against the Department, as was expected, (7) that it is also customary for the Department not to appeal the rulings of the municipal judge, and (8) that as is the custom, this ruling was not appealed.

We fail to see how the appellee carried his burden of showing that the administrative hearing amounted to a judicial proceeding in "which the parties have had an adequate opportunity to litigate," *Utah*

*Constr. & Mining Co.,* 384 U.S. at 421–22, 86 S.Ct. at 1559–60 or that the administrative hearing involved "a full hearing on [the] issue at which both the State and the accused are represented by counsel." *Ex parte Tarver,* 725 S.W.2d at 199. Moreover, the municipal judge's finding of fact does not purport to resolve the issue of probable cause as a finder of fact, but merely recites that probable cause was not alleged or presented. Though we defer to a trial court's factual findings when they are supported by the record, we conclude that this record does not support the trial court's granting of the motion to suppress. *See State v. Groves,* 837 S.W.2d 103, 106 (Tex.Crim.App.1992).

The judgment is reversed and the cause is remanded for trial in accordance with this opinion.