The STATE of Texas, Appellant,

v.

Mark AGUILAR, Appellee.

Nos. 691–95, 690–95.

Court of Criminal Appeals of Texas, En Banc.

June 11, 1997.

George Scharmen, San Antonio, for appellant.

Margaret M. Fent, Assistant Dist. Atty., San Antonio, Matthew Paul, State's Atty., Austin, for the State.

## OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

MANSFIELD, Judge.

Appellee was arrested and charged with the offenses of driving while intoxicated and resisting arrest, alleged to have occurred on May 15, 1994. The trial court determined that the State lacked probable cause to stop appellee's automobile, basing its conclusion upon the doctrine of collateral estoppel. The trial court, therefore, granted appellee's motion to suppress all evidence derivative of the stop. The court of appeals reversed. *State v. Aguilar*, 901 S.W.2d 740 (Tex.App.—San Antonio 1995). We granted review, pursuant to Texas Rule of Appellate Procedure 200(c)(1), to determine whether the State's method of license revocation in an administrative driver's license revocation proceeding bars the application of collateral estoppel in a later criminal proceeding.

### RELEVANT FACTS

Immediately following appellee's arrest for operating a motor vehicle while intoxicated and resisting arrest, a law-enforcement officer requested that appellee provide a sample of his breath. Appellee refused to provide a sample. Consequently, appellee was given notice of suspension of his Texas operator's license pursuant to Texas Revised Civil Statutes art. 6701*l*–5. Appellee retained counsel and requested an administrative hearing. The administrative hearing was held in a municipal court of Bexar County, and appellee appeared by counsel. The Department of Public Safety was represented by an examiner who was not an attorney.

The municipal court, acting in its administrative capacity, found against the Department, and it made the following finding of fact:

The State of Texas acknowledged that no probable cause for arrest was presented in this administrative proceeding, and the court finds that there was no probable cause alleged for the arrest of defendant. . . .

Therefore it is ORDERED that the Petition is dismissed for lack of probable cause.

Based upon this finding, the municipal court found the pleadings in support of the revocation request to be insufficient, and the court entered a negative finding, denying the Department's revocation request. The Department declined to appeal this conclusion.

The State then proceeded with its criminal case against appellee in a county court at law. At a pre-trial hearing before the trial court, appellee filed a motion to suppress all the evidence resulting from the arrest, contending that the arresting officer lacked probable cause to initiate a stop.[1] Further, appellee argued that the critical issue of probable cause could not be relitigated under the doctrine of collateral estoppel, citing the administrative proceeding. The trial court agreed with appellee, adopted the findings and conclusions of the administrative judge, and granted the motion to suppress. The State appealed.

The Fourth Court of Appeals reversed, holding that appellee failed to establish the elements necessary to invoke the doctrine of collateral estoppel. The court of appeals fur-

---

1. The motion to suppress alleged that appellee was arrested without a warrant and without probable cause and that any evidence the officer obtained should be suppressed because it was obtained in violation of the procedural protections outlined in Article 38.23, Tex.Code Crim. Proc.

ther held that the administrative judge did not purport to resolve the issue of probable cause in the abstract; rather, the administrative judge merely found that probable cause was not *alleged* or presented in the documentary evidence supplied by the hearing examiner. Hence, the issue relevant to the second proceeding—the *existence* of probable cause—was different from the first. The court of appeals declined to defer to the factual findings of the trial court because the "record does not support the trial court's granting of the motion to suppress." *State v. Aguilar*, supra, at 742.

## RELEVANT LAW

■ Collateral estoppel is one of the protections provided by the Fifth Amendment guarantee against double jeopardy. *Ashe v. Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970); *Warren v. State*, 514 S.W.2d 458, 462 (Tex.Crim.App. 1974). The Supreme Court defined collateral estoppel in *Ashe*:

> "Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *Ashe v. Swenson*, 397 U.S. at 443, 90 S.Ct. at 1194.

■ Importantly, the collateral estoppel protections—given effect through the double jeopardy clause—may have application even if one of the proceedings under analysis is labeled "civil" or "administrative." *U.S. v. Halper*, 490 U.S. 435, 447–48, 109 S.Ct. 1892, 1901, 104 L.Ed.2d 487 (1989); *Ex parte Tarver*, 725 S.W.2d 195, 199 (Tex.Crim.App. 1986). Thus, it is of no consequence to the analysis of the case at bar that a license

revocation proceeding is deemed "administrative."

■ Whether a factual finding made pursuant to a prior "administrative" or "civil" proceeding creates a collateral bar to a contrary factual finding in a later proceeding is determined on a case by case basis. In this context we have adopted the functional test propounded by the U.S. Supreme Court in *United States v. Utah Construction and Mining Company*, 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1559–60, 16 L.Ed.2d 642 (1966):

> When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose. *Tarver*, 725 S.W.2d at 199.

In *Tarver* we went on to apply the test developed in *Utah Construction:*

> To the extent that an [administrative proceeding] involves a trial court acting as finder of fact, after a full hearing on an issue at which both the State and an accused are represented by counsel, the court is certainly "acting in a judicial capacity." To that extent, therefore, we must determine whether the *Ashe v. Swenson* test was met. The questions to be asked are: Has a fact issue already been determined, adversely to the State, in a valid and final judgment between the same parties? Is the State now trying to relitigate that same fact issue? *Tarver*, supra.

■ From *Tarver* we glean the elements necessary to support collateral bar. First, there must be a "full hearing" at which the parties had an opportunity to thoroughly and fairly litigate the relevant fact issue. Second, the fact issue must be the same in both proceedings.[2] And finally, the fact find-

---

2. In their briefs, both the State and appellee discuss *Neaves v. State*, 767 S.W.2d 784 (Tex. Crim.App.1989), yet the case finds no application to the facts at bar. *Neaves*, like this case, dealt with collateral estoppel in the context of an administrative license revocation proceeding. In that case the administrative judge found that the State lacked probable cause to stop the defendant. However, in *Neaves* the State did not then attempt to relitigate the issue of probable cause

in the criminal proceeding. Rather, the State attempted to prove that the defendant operated a motor vehicle while intoxicated and a jury agreed, finding that appellant was driving a motor vehicle while intoxicated. Appellant in *Neaves* challenged the jury's factual determination. We found the doctrine of collateral estoppel inapplicable because the ultimate issue of fact in the revocation proceeding—whether there existed probable cause to stop appellant—was

er must have acted in a judicial capacity. These requirements are meant to ensure that the doctrine of collateral estoppel properly restricts the State to only reliable factual findings. In addition, the defendant has the burden of establishing the preceding requirements in order to invoke the doctrine of collateral estoppel. *Ladner v. State*, 780 S.W.2d 247, 258 (Tex.Crim.App.1989).

Finally, an appellate court should not disturb the factual findings of a trial court absent an abuse of discretion. *Freeman v. State*, 723 S.W.2d 727, 729 (Tex.Crim. App.1986). Thus, appellate deference to a trial court's factual findings in this context is mandated unless an appellate court concludes that the record fails, utterly, to support the factual finding. *State v. Groves*, 837 S.W.2d 103, 106 (Tex.Crim.App.1992).

## ANALYSIS

Application of the relevant law to the facts at bar indicates the court of appeals correctly found that appellee failed to demonstrate the applicability of collateral estoppel. At the suppression hearing, appellee introduced only the ruling of the administrative judge. Appellee also testified, establishing only that he was the same person involved in both the administrative proceeding and the criminal prosecution. The State responded by presenting Marilyn Burrier, the hearing examiner employed by the Department who handled appellee's case. The court of appeals succinctly summarized her testimony: (1) she was not a lawyer but only an examiner for the Department, (2) the administrative hearing was informal, consisting only of the municipal judge reviewing the documents

filed by the Department, (3) the State was not represented by legal counsel at any time in the hearing, (4) no witnesses were presented by either side, (5) in such administrative hearings, the municipal judge customarily rules against the Department when the charging officer fails to allege probable cause in the documents reviewed by the judge, (6) the charging officer in this case failed to allege probable cause, and the ruling was against the Department, as expected, (7) it is not customary for the Department to appeal the rulings of a municipal judge in this context, and (8) the ruling was not appealed in this case.

Appellee failed to demonstrate the requisite elements to support his claim of collateral estoppel. There is no evidence in the record that the parties had an opportunity to thoroughly and fairly litigate the probable cause fact issue. Indeed, the only evidence presented at the suppression hearing was to the contrary: The State did not have an opportunity to adequately litigate the issue of probable cause at the administrative hearing. The record indicates that no live testimony was proffered at the revocation proceeding and that the issue of probable cause was never directly addressed. The record suggests only that the arresting officer misfiled his DIC–23 [3], failing to state the basis for probable cause.

Further, appellee failed to demonstrate that the issues presented in the two proceedings were identical: The administrative court ostensibly ruled that the documents before it failed to indicate the basis of the officer's stop, *not* that the officer lacked probable cause to stop appellee.[4]

different from that in the criminal prosecution— *whether appellant operated a motor vehicle while intoxicated.*

**3.** A DIC–23 is the form the Department of Public Safety hearing examiner presents to the administrative judge which constitutes the foundation of the judge's decision to grant a license revocation request. The DIC–23, if properly filled out, should list all of the statutory elements necessary to sustain a revocation.

**4.** Appellee's reliance upon *Benard v. State*, 481 S.W.2d 427 (Tex.Crim.App.1972)(opinion on rehearing), is misplaced. Appellee contends, citing *Benard*, that the State's choice of manner of

commencing the license revocation proceeding *should not serve to circumvent the protections* advanced by double jeopardy. Hence, appellee contends, if collateral estoppel does not have application to the case at bar, this lack of applicability is due to the way the administrative license proceeding is accomplished; a procedure the State has devised. Yet in *Benard* this Court was interpreting Article 38.22, V.A.C.C.P., which itself encompassed a double jeopardy protection dissimilar to collateral estoppel. Indeed, *Benard* was written long before our opinion in *Ex parte Tarver*, supra, which delineated a functional test to determine the appropriate extension of the collateral estoppel doctrine. The test illustrated

Appellee failed to meet the threshold burden in support of his collateral estoppel claim. While the court of appeals was correct in finding that the doctrine of collateral estoppel might, in principal, bar the State from relitigating fact issues found in a previous administrative license revocation proceeding, appellee failed to meet the burden here.[5]

Hence, the court of appeals correctly held that the motion to suppress was improperly granted.

We AFFIRM the judgment of the court of appeals.

McCORMICK, P.J., and KELLER and PRICE, JJ., concur in the result.

MEYERS, Judge, dissenting.

The rule of collateral estoppel has now been well accepted as "part of the Fifth Amendment's guarantee against double jeopardy." *Ashe v. Swenson,* 397 U.S. 436, 441, 90 S.Ct. 1189, 1193, 25 L.Ed.2d 469 (1970). The question in this case, then, is whether, after the municipal court decided that no probable cause existed to arrest appellee, the State can constitutionally compel him before the county court in order to re-litigate this issue. *Id.* at 445, 90 S.Ct. at 1195. No doubt, and as the majority notes, it makes no difference to our analysis that the hearing in municipal court was administrative, so long as the "administrative agency [was] acting in a judicial capacity and [had] resolved disputed issues of fact properly before it." *United States v. Utah Construction and Mining Co.,* 384 U.S. 394, 419, 86 S.Ct. 1545, 1559, 16 L.Ed.2d 642 (1966). This Court held in *Ex parte Tarver,* 725 S.W.2d 195, 198 (Tex.Crim. App.1986), however, that an administrative agency does not act in a judicial capacity when it merely makes fact findings, but rather, when it makes those findings "after a full hearing on the issue at which both the State and an accused are represented by counsel."

The demands of our double jeopardy jurisprudence, however, are not quite so rigorous. No doubt, double jeopardy requires a full judicial hearing. But the majority, understandably, takes our holding in *Tarver* to demand, for purposes of finding that an administrative agency acted in a judicial capacity, much more, including an extensive and formal hearing, with live witnesses, at which both sides are represented by counsel. To the extent that *Tarver* says as much, we ought to take the opportunity to clarify and qualify it here. This, because a full judicial hearing requires only the resolution of a dispute between parties, each of whom has had the opportunity to be heard. *United States v. Utah Construction and Mining Co.,* 384 U.S. 394, 419, 86 S.Ct. 1545, 1559, 16 L.Ed.2d 642 (1966). In other words, a hearing is no less full or judicial because, as in this case, the State, having had the opportunity to present witnesses and submit documents on all pertinent issues, failed to do so. To hold otherwise would mean, for example, that if a pro-se defendant was acquitted on murder charges after a brief trial at which the State failed to show up, the State would not be constitutionally barred from attempting to re-litigate that case. This, of course, would be absurd and no less so if the hearing happened to be administrative and not criminal in nature.

That said, I would refer the majority to TEX. CIV. STAT. art. 6701*l*–5, § 2, which requires a hearing if any driver who has been stopped upon the suspicion that he is intoxicated refuses a chemical test of his breath. The State must prove both that probable cause to arrest the accused for driving while intoxicated existed and that, after being placed under arrest and upon the arresting police officer's request, the driver refused to submit to a chemical breath test. At this hearing, the State may call witnesses and submit documents in order to sustain its burden. TEX. CIV. STAT. 6687b, § 22(a). In this case, however, the State failed to do so.

in *Ex parte Tarver* appropriately resolves the issue presented in this case.

**5.** We note that, for offenses committed on or after September 1, 1995, Texas Traf.Code 524.014 provides: (e) A determination under this section: (1) is a civil matter; (2) is independent of and not a bar to any matter in issue in an adjudication of a criminal charge arising from the occurrence that is the basis for the suspension; and (3) does not preclude litigation of the same or similar facts in a criminal prosecution.

Thus, having nothing before it to suggest that probable cause existed for the arrest of appellee, the municipal court concluded that there was a "lack of probable cause." Nothing in the record indicates that the State was hindered, in any way, from introducing witnesses and documents so it could meet its burden. Although not extensive, then, the hearing in this case was undoubtedly full in that both parties had an opportunity to present evidence bearing on all the relevant issues after which the court ruled on those issues. Double jeopardy, and, thus, collateral estoppel demands no more.

I would, therefore, reverse the court of appeals and sustain the trial court's finding that the State lacked probable cause to stop appellee's automobile. Because the majority does not, I respectfully dissent.