**John W. DODSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–96–00453–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 30, 1998.

W.B. House, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before YATES, FOWLER and HUDSON, JJ.

## OPINION ON REMAND

PER CURIAM.

Appellant was arrested and charged with driving while intoxicated. At an administrative hearing concerning the suspension of his driver's license, an administrative judge determined appellant had been stopped without probable cause. Before trial, appellant filed an application for writ of habeas corpus claiming collateral estoppel barred the subsequent prosecution of the criminal charge because of the administrative determination of no probable cause. Following a hearing on the application, the trial court denied relief. In an unpublished opinion, this court affirmed the judgment of the trial court. *See Dodson v. State*, No. 14–96–00453–CR, 1996 WL 658555 (Tex.App.—Houston [14th Dist.], November 14, 1996, pet. granted) (not designated for publication). After granting appellant's petition for discretionary review, the Court of Criminal Appeals reversed and remanded the case to this court to reconsider appellant's claim in light of its opinion in

State v. Aguilar, 947 S.W.2d 257 (Tex.Crim. App.1997). See Dodson v. State, No. 712–97 (Tex.Crim.App. October 29, 1997) (not designated for publication). We find Aguilar distinguishable from the present case and affirm the judgment of the court below.

In Aguilar, appellee was arrested and charged with the offense of driving while intoxicated. See State v. Aguilar, 901 S.W.2d 740, 741 (Tex.App.—San Antonio 1995), aff'd, 947 S.W.2d 257 (Tex.Crim.App. 1997). Appellant was given notice of suspension of his Texas operator's license pursuant to former article 6701l–5 of the Texas Revised Civil Statutes, now repealed. Id. See Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3525, repealed by Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24, 1995 Tex. Gen. Laws 1025, 1871 (current version at TEX. TRANSP. CODE ANN. § 724.035 (Vernon Pamph.1998)). At the hearing, an administrative judge found no probable cause to arrest appellee. See Aguilar, 901 S.W.2d at 741. Consequently, appellee moved to suppress all evidence resulting from the arrest, claiming the issue of probable cause could not be relitigated under the doctrine of collateral estoppel. Id. The trial court agreed and granted appellee's motion. Id. On appeal, the San Antonio Court of Appeals held collateral estoppel applied to an administrative proceeding if the defendant established all the requirements of the doctrine as enumerated in Ex parte Tarver, 725 S.W.2d 195, 199 (Tex.Crim.App.1986). See Aguilar, 901 S.W.2d at 741–42. Appellee, however, did not meet his burden to establish all the requirements. Id. Because the trial court abused its discretion in granting appellee's motion to suppress, the court of appeals reversed and remanded the cause for trial. Id. at 742.

The Court of Criminal Appeals granted appellant's petition for discretionary review "to determine whether the State's method of license revocation in an administrative driver's license revocation proceeding bars the application of collateral estoppel in a later criminal proceeding." Aguilar, 947 S.W.2d at 258. In affirming the judgment of the San Antonio Court of Appeals, the Court of Criminal Appeals held the application of collateral estoppel to a factual finding made in an administrative license revocation proceeding is determined on a case-by-case basis. Id. at 259. The Court of Criminal Appeals further stated that to support a collateral bar to the relitigation of an administrative finding at a subsequent criminal proceeding the defendant must establish (1) there was a "full hearing" at which the parties had an opportunity to thoroughly and fairly litigate the relevant fact issue; (2) the fact issue was the same in both proceedings; and (3) the fact finder acted in a judicial capacity. Id. at 259–60.

Aguilar, however, has no application to this case because it was decided under prior statutory law, which has been repealed. See Aguilar, 947 S.W.2d at 258 n. 5; Act of May 24, 1969, 61st Leg., R.S. ch. 434, 1969 Tex. Gen. Laws 1468, 1470, repealed by Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1025, 1871, (current version at TEX. TRANS. CODE ANN. § 724 et seq. (Vernon Pamph.1998) (effective September 1, 1995). Furthermore, the Court of Criminal Appeals did not address section 2(r) of former article 6701l–5, which was also in effect at the time Aguilar was charged with the offense of driving while intoxicated. Like the current version at section 724.048(a) of the transportation code, section 2(r) of article 6701l–5 precludes application of collateral estoppel to findings determined by the department of public safety or an administrative law judge at a license revocation hearing where the driver refuses to submit a blood or breath specimen.[1] See Act of May 24, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3525, repealed by Act of May 1, 1995, 74th Leg., R.S., ch. 15, § 24, 1995 Tex. Gen. Law 1025, 1871.; TEX. TRANSP. CODE ANN. § 724.048(a) (Vernon Pamph.1998). Without commenting on section 2(r) of article 6701l–5, the Court of Criminal Appeals noted

---

[1]. The United States Supreme Court noted that "[c]ourts do not, of course, have free rein to impose rules of preclusion, as a matter of policy, when the interpretation of a statute is at hand. In this context, the question is not whether administrative estoppel is wise but whether it is intended by the legislature." Astoria Federal Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 108, 111 S.Ct. 2166, 2169–70, 115 L.Ed.2d 96 (1991). Such is the case here.

that section 748.048(a) applies to offenses committed after September 1, 1995. *See Aguilar*, 947 S.W.2d at 261 n. 5.[2]

Here, "[t]he events giving rise to the administrative proceedings to revoke appellant's driver's license and his subsequent criminal prosecution for DWI occurred on January 1, 1996, when appellant was arrested for DWI." *Dodson v. State*, No. 712–97, slip op. at n.1 (Tex.Crim.App. October 29, 1997) (not designated for publication) (McCormick, J., dissenting). Therefore, we apply the law in effect at the time appellant committed the offense, Subchapters C and D of Chapter 724 of the Transportation Code. *See* TEX. TRANSP. CODE ANN. § 724.002 (Vernon Pamph.1998).

Section 724.048(a) of Subchapter D expressly provides that an administrative license revocation proceeding by the Department of Public Safety or an administrative law judge is an independent procedure from a criminal trial. Even if a license revocation proceeding and criminal charges arise from the same occurrence, the findings of the administrative law judge do not serve as estoppel or preclude litigation of the same or similar facts in a criminal prosecution. *See* TEX. TRANSP. CODE ANN. § 724.048(a)(2), (3) (Vernon Pamph.1998). Under the facts of this case, the finding of no probable cause by the administrative law judge at the license revocation hearing is independent of, and is not estoppel as to a finding of probable cause based on the same facts at the subsequent criminal trial of driving while intoxicated.

This court upheld the constitutionality of section 724.048(a) under the separation of powers doctrine in *State v. Montgomery*, 957 S.W.2d 581 (Tex.App.—Houston [14th Dist.] 1997, pet ref'd). While recognizing that collateral estoppel bars relitigation of administrative findings in some cases under former article 6701l–5, we held that courts may not apply rules of preclusion to a finding of an administrative law judge when the legislature

clearly expresses its intent that collateral estoppel not apply. *Id.* at 584; *but cf. Arnold v. State*, 920 S.W.2d 704, 708, 710 (Tex. App.—Houston [1st. Dist.] 1996, pet. ref'd) (finding the legislature has no authority to determine the scope of constitutional protections against double jeopardy simply by labeling a statute "civil" or "administrative"). In section 724.048(a), the Texas Legislature clearly expressed its intent that collateral estoppel not apply to an administrative finding under chapter 724 of the transportation code. Without further guidance[3] from the Court of Criminal Appeals on the constitutionality of section 724.048(a), we, therefore, apply the "plain" language of section 724.048(a) to the facts at hand. *See Dodson v. State*, No. 712–97, slip op. at 6 (Tex.Crim. App. October 29, 1997 (not designated for publication) (McCormick, J., dissenting).

Because section 724.048(a) was in effect at the time appellant was arrested for DWI, we find collateral estoppel did not bar the relitigation of reasonable suspicion to stop or probable cause to arrest in the criminal trial following the administrative license revocation hearing. Therefore, the trial judge did not abuse his discretion in denying appellant's application for habeas corpus. Appellant's point of error is overruled.

Accordingly, the judgment of the court below is affirmed.

---

**2.** Although the court of criminal appeals apparently intended to cite section 724.048(a), it cited Texas Traf.Code 524.014, which does not concern administrative estoppel. *See Aguilar*, 947 S.W.2d at 261, n. 5.

**3.** We know of no case in which the Court of Criminal Appeals has addressed the constitutionality of section 724.048(a) or section 2(r) of former article 6701l–5. *But see Todd v. State*, 956 S.W.2d 777 (Tex.App.—Waco 1997, pet. requested) (stating the Court of Criminal Appeals has, in a sense, determined that section 724.048(a) is constitutional).