NUMBERS 13-98-431-CR AND 13-98-432-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JOSE FIDEL GUAJARDO
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 105th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and Chavez


Opinion by Chief Justice Seerden




 Jose Fidel Guajardo, appellant, appeals from a conviction for possession of
cocaine and an order revoking his community supervision. By two issues, Guajardo 

contends the trial court erred in denying: (1) his special plea of collateral estoppel, and
(2) his Motion to Suppress Physical Evidence, because the findings of a prior court had
determined that the evidence obtained was inadmissable as the result of an illegal
stop, search, and seizure. We affirm the order revoking community supervision and
reverse and remand the conviction for possession of cocaine.

 On February 11, 1998, at approximately 9:30 p.m., officers with the Corpus
Christi Police Department spotted Guajardo's vehicle. Officer David Leal stated that
he noticed that the license plate light on the vehicle might have been out, so he made
a u-turn to further check. Upon reaching Guajardo's car again, Leal noticed that the
light was indeed out and initiated a traffic stop. Before Guajardo stopped his car, Leal
observed two small objects fly out of the passenger window of Guajardo's vehicle. 
After both vehicles had stopped, Leal's partner, Officer May, returned to the
approximate point at which Guajardo was observed throwing the objects. May
discovered a small plastic bag containing a white, powdery substance and a small,
freshly burnt marijuana cigarette. Guajardo was charged with Unlawful Possession of
Marijuana(1) in the County Court at Law Number Three of Nueces County, and with
Unlawful Possession of Cocaine(2) in the 105th District Court of Nueces County. 

 On June 4, 1998, the County Court at Law Number 3 heard argument on
Guajardo's motion to suppress the marijuana and granted the motion to suppress. The
State subsequently dismissed the marijuana case. Guajardo then filed a similar motion
to suppress in the district court cocaine prosecution. At a June 5, 1998, hearing, he
also urged an oral motion for the application of collateral estoppel to the pending
suppression of the seized cocaine. Without ruling on the oral motion, the court set a
formal hearing on the motion to suppress for June 12,1998. At that hearing, Guajardo
again presented an oral motion for the application of collateral estoppel. After hearing
argument from both sides, the district court denied both the motion for application of
collateral estoppel and the motion to suppress. On August 10, 1998, Guajardo
pleaded no contest to the cocaine charge and signed a judicial confession and
stipulation to evidence. He now appeals the trial court's rulings on the motions. 

 By his first issue, Guajardo contends that the trial court erred in denying his
special plea of collateral estoppel because the findings of a prior court had determined
that the evidence obtained was inadmissible. This issue requires an examination of an
amorphous concept in criminal cases: collateral estoppel. 

 In general, the doctrine of collateral estoppel "means that when an issue of
ultimate fact has once been determined by a valid and final judgment, the issue cannot
again be litigated between the same parties in any future lawsuits." Ex parte Culver,
932 S.W.2d 207, 212 (Tex. App.--El Paso 1996, pet. ref'd) (citing Ashe v. Swenson,
397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970)). The court of
criminal appeals has noted the distinction between collateral estoppel and double
jeopardy:

 To state the distinction in more prosaic terms, the traditional bar of
double jeopardy prohibits prosecution of the crime itself, whereas
collateral estoppel, in a more modest fashion, simply forbids the
government from relitigating certain facts in order to establish the fact of
the crime. 


Tarver, 725 S.W.2d at 198 (quoting Dedrick v. State, 623 S.W.2d 332, 336 (Tex.
Crim. App. 1981)).(3) In State v. Aguilar, 947 S.W.2d 257, 259 (Tex. Crim. App.
1997), the court listed the elements necessary to support collateral estoppel: (1). 
"there must be a 'full hearing' at which the parties had an opportunity to thoroughly
and fairly litigate the relevant fact issue"; (2) "the fact issue must be the same in both
proceedings"; (3) "the fact finder must have acted in a judicial capacity" in each of
the proceedings. Id. at 259. 

 Here, the relevant fact issue was the validity of the stop and search which
resulted in the seizure of narcotics. It is undisputed that the marijuana at issue in the
county court at law and the cocaine at issue in the district court were seized at the
same time as a fruit of the same search. It stands to reason that the fact issues
surrounding the lawfulness of the search in one case will be the same in the other. 
Accordingly, we conclude that the fact issue in each case was the same. 

 The next question is whether or not the initial hearing in the county court at law
was a "full hearing" on the relevant fact issue. The record reflects that the county
court held a hearing on a motion to suppress marijuana found after Guajardo's vehicle
was stopped. Both Guajardo and the State were represented at the hearing and the
court heard argument from both sides. There is nothing in the record to indicate that
the suppression hearing was truncated in any way. Moreover, if the State was
dissatisfied with the result of the suppression hearing, it could have appealed that
decision. Tex. Code Crim. Proc. Ann. art 44.01(a)(5) (Vernon 1999). In short, there
is nothing in the record to indicate that the hearing was anything other than a "full
hearing" on the suppression issue. 

 Finally, we are left to determine if the fact finder, here, Judge Marisela Saldana
of County Court at Law Number Three, was acting in a judicial capacity. Courts
examining this element have confined their analysis to distinguishing between
administrative and judicial functions. See Ex parte Serna, 957 S.W.2d 598, 604 (Tex.
App.--Fort Worth 1997, no pet.); State v. Aguilar, 901 S.W.2d 740, 741-42 (Tex.
App.--San Antonio 1995), aff'd 947 S.W.2d 257 (Tex. Crim. App. 1997). Here, the
record reflects that Judge Saldana, acting in her capacity as a trial court judge, made
fact findings necessary to support the suppression of the marijuana. There was no
administrative component to her actions in that context. Clearly, she was acting in a
"judicial capacity" in making this determination. 

 We hold that Guajardo has shown the predicate elements for the employment
of collateral estoppel in the district court prosecution. Accordingly, we hold the
district court erred in denying Guajardo's special pleas of collateral estoppel. Because
we cannot say that the imposition of collateral estoppel in this case will be dispositive
of the issues before the district court, we must remand the cause to that court for
further proceedings consistent with this opinion. See Culver, 932 S.W.2d at 212.

 Because we have dealt with the suppression issue by our resolution of
Guajardo's first issue, we need not consider the second issue. Tex. R. App. P. 47.1.

 In his brief, Guajardo also raises an argument regarding the sufficiency of the
evidence to support the revocation of his probation by arguing that "if not for the
illegal arrest . . . Appellant would not have been arrested on a Motion to Revoke
Community Supervision, nor would he have been administered a urinalysis test while
illegally incarcerated at the Nueces County Jail." In light of this statement, we will
also review the sufficiency of the evidence to support revocation.

 Guajardo was initially charged with the offense of unlawfully carrying a
weapon. Tex. Penal Code Ann. §46.02 (a) (Vernon 1999). He pleaded guilty on April
6, 1994, and was sentenced to ten years confinement in the Institutional Division of
the Texas Department of Criminal Justice and assessed a $1500 fine. The court
suspended the imposition of the sentence and placed Guajardo on community
supervision for five years. On June 11, 1998, the State filed a motion to revoke 

community supervision, alleging that Guajardo had violated five conditions of his
community supervision, namely: (1) possession of cocaine; (2) possession of
marijuana; (3) unlawful use of drugs, narcotics, or other controlled substances; (4)
failure to pay the assessed fine; and (5) failure to pay monthly probation fee.(4) 

 A trial court is vested with discretion to revoke an individual's community
supervision. Herrera v. State, 951 S.W.2d 197 (Tex. App.--Corpus Christi 1997, no
pet.). Violation of a single condition of community supervision is sufficient to support
a trial court's decision to revoke. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim.
App. 1980). After considering all the evidence, the court may revoke probation if the
State proves such violations by a preponderance of the evidence. Battle v. State, 571
S.W.2d 20, 21 (Tex. Crim. App. 1978). Standing alone, a plea of true is sufficient to
support the trial court's order of revocation. See Cole v. State, 578 S.W.2d 127, 128
(Tex. Crim. App. 1979); Rivera v. State, 688 S.W.2d 659, 660 (Tex. App.--Corpus
Christi 1985, no pet.). 

 Guajardo pled true to the two allegations involving his failure to pay his fine and
probation fees. These pleas adequately support the trial court's determination that
Guajardo violated at least one condition of his community supervision. Accordingly,
the State has satisfied its burden.


 The judgment of the trial court in cause number 13-98-432-CR (possession of
cocaine) is REVERSED and REMANDED for further proceedings consistent with this
opinion. The order of the trial court in cause number 13-98-431-CR (revoking
community supervision) is AFFIRMED. 




 __________________________________

 ROBERT J. SEERDEN, Chief Justice


Publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 25th day of May, 2000.

 

1. Tex. Health & Safety Code Ann. §481.121 (Vernon 1998).
2. Tex. Health & Safety Code Ann. §481.115(d) (Vernon 1998).
3. The court of criminal appeals has suggested that "the constitutional
protections of collateral estoppel are coterminous with the Fifth Amendment's Double
Jeopardy Clause." Reynolds v. State, 4 S.W.3d 13, 24 (Tex. Crim. App. 1999)
(Dissenting Opinion). However, the court has also recognized the potential for
common-law application of the doctrine of collateral estoppel beyond the double
jeopardy context. State v. Aguilar, 947 S.W.2d 257, 259-60 (Tex. Crim. App. 1997). 
This concept has been recognized by many of the courts of appeal as well. See e.g.,
State v. Ayala, 981 S.W.2d 474, 477 (Tex. App.--El Paso 1998, pet. ref'd); Ex Parte
Gregerman, 974 S.W.2d 800, 803 (Tex. App.--Houston [14th Dist.] 1998, no pet.);
Ex Parte Serna, 957 S.W.2d 598, 601-02 (Tex. App.--Fort Worth 1997, no pet.); Ex
Parte Pipken, 935 S.W.2d 213, 215-16 (Tex. App.--Amarillo 1996, no pet.); Manning
v. State, 870 S.W.2d 200, 203 (Tex. App.--Eastland 1994, pet. ref'd). 
4. The State alleged multiple occurrences of several of the violations.