NO. 07-02-0521-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 28, 2004

_____

TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLANT

V.

LANCE LADELL COERS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2002-593,443; HONORABLE PAULA LANEHART, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

The Texas Department of Public Safety appeals from a judgment directing the TDPS to rescind its suspension of Lance Ladell Coers's drivers license. We reverse.

BACKGROUND

On May 24, 2002, TDPS Trooper Jandrew observed Lance Ladell Coers driving without the proper use of a safety belt.  Based on this observation,  Jandrew initiated a traffic stop of Coers and observed signs of intoxication.  After Coers performed and failed field sobriety tests, Jandrew arrested him for driving while intoxicated and requested a breath sample.  Coers refused.  As a result of the refusal, Coers's driver's license was suspended.  See TEX. TRANSP. CODE ANN. § 724.035 (Vernon Supp. 2002).[1]  Coers requested an administrative hearing.  See Section 724.041.

Jandrew did not appear at the hearing, and the TDPS used Jandrew's report to establish that she had reasonable suspicion or probable cause to stop or arrest Coers.[2]  Jandrew's report indicated that she stopped Coers for driving without a safety belt.  Coers objected to that part of the report referencing his non-use of a safety belt on the basis that "use or non-use of a safety belt is not admissible evidence in a civil trial."  Section

_____

[1]Further reference to a section of the Texas Transportation Code will be by reference to "Section __."

[2]TDPS had the burden to prove by a preponderance of evidence, that:

(1) reasonable suspicion or probable cause existed to stop or arrest Coers,
(2) probable cause existed to believe that Coers was operating a motor vehicle in a public place while intoxicated,
(3) Coers was placed under arrest by the officer and was requested to submit to the taking of a [breath or blood] specimen, and
(4) Coers refused to submit to the taking of a [breath or blood] specimen on request of the officer.  Section 724.042.

545.413(g).[3]  The ALJ overruled Coers's objections and sustained the suspension of Coers's license.  Section 724.043.

Coers appealed to the county court at law.  See Section 524.041.  The county court at law judge held that the ALJ erred in admitting evidence of Coers's non-use of a seatbelt in a civil trial and that absent the evidence of non-use of a seatbelt there was no evidence to show reasonable suspicion for the stop of Coers's vehicle.  Judgment was rendered reversing the decision of the ALJ and ordering TDPS to rescind its suspension of Coers's driver's license.

The sole issue presented on appeal is whether the county court at law erred in ruling that evidence of Coers's non-use of a safety belt was not admissible in the administrative proceeding.[4]

Appellate standard of review for a trial court's interpretation of law is *de novo*.  See In re Humphreys, 880 S.W.2d 402, 404 (Tex. 1994).

---

[3]See Act of June 16, 1995, 74th Leg., R.S., ch. 165 §1, 1995 Tex. Gen. Laws 1025, 1644 repealed by Act of June 11, 2003, 78th Leg., R.S., ch. 204 § 8.01, 2003 Tex. Gen. Laws 847, 863.  Although the provision in question has been repealed as of September 1, 2003, our analysis will be of the provision in effect at the time of the offense.  See Dodson v. State, 969 S.W.2d 117, 119 (Tex.App.–Houston [14th Dist.] 1998, no pet.).  Since TDPS and appellee both refer to the disputed provision as Section 545.413(g), we will adopt the same for consistency.

[4]The parties do not join issue on, and we do not express an opinion as to, whether the administrative hearing was a "civil trial" within the meaning of Section 545.413(g).

In construing a statute, our objective is to determine and give effect to the Legislature's intent. See National Liability and Fire Insurance Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000); Bridgestone/Firestone v. Glyn-Jones, 878 S.W.2d 132, 133 (Tex. 1994).

In Glyn-Jones, the manufacturer of a seatbelt asserted that the language now before us precluded the injured person in a civil products liability suit from introducing evidence that an allegedly defective seatbelt was in use at the time of injury. The Supreme Court addressed the Legislature's intent in regard to the language in question as it existed in TEX. REV. CIV. STAT. ANN. art. 6701d, § 107C(j), the predecessor statute to Section 545.413(g):

> Article 6701d, section 107C was enacted to mandate the use of seat belts and to provide a criminal penalty for the failure to wear a seat belt. The last sentence of the section states that "[u]se or nonuse of a safety belt is not admissible evidence in a civil trial."
>
> Subsection (j) was included in section 107C in order to make clear that *the sole legal sanction* for the failure to wear a seat belt is the criminal penalty provided by the statute and that the failure could not be used against the injured person in a civil trial. (emphasis added).

Id. at 133-34. See also, St. Luke's Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 507 (Tex. 1997).

The Glyn-Jones Court could have simply said that the Legislature did not intend to preclude admission of evidence of seat belt usage in the type of case then under consideration. It did not do so. Although one could argue that the "sole legal sanction" language is dictum, we view the language to be the foundation on which the Court based its ruling. Accordingly, we will adhere to the Supreme Court's interpretation of legislative

-4-

intent as expressed in Glyn-Jones.  See In re K.S., 76 S.W.3d 36, 49 (Tex.App.--Amarillo 2002, no pet.); Rios v. Texas Commerce Bancshares, Inc., 930 S.W.2d 809, 816 (Tex.App.--Corpus Christi 1996, writ denied); Penick v. Christensen, 912 S.W.2d 276, 286 (Tex.App.--Houston [14th Dist.] 1995, writ denied).  The language of Section 545.413(g) did not require the ALJ to exclude evidence of Coers's non-use of a seatbelt.

We have not ignored Coers's argument that after Glyn-Jones was decided the Legislature has revisited the statutory language now found in Section 545.413(g) and has added a specific exception for proceedings under Subtitle A or B, Title 5 of the Family Code.  See fn. 2, infra.  In effect, he argues the doctrine of *expressio unius est exclusio alterius*:  the maxim that the expression of one implies the exclusion of others.  See Mid-Century Ins. Co. of Texas v. Kidd, 997 S.W.2d 265, 273-74 (Tex. 1999).  The doctrine, however, is an aid to determine legislative intent, not an absolute rule, id., just as are other aids to statutory interpretation such as the presumption that the Legislature acts with knowledge of prior court decisions and interpretations of statutory language.  See Philips v. Baeber, 995 S.W.2d 655, 658 (Tex. 1999); Allen Sales & Servicenter, Inc. v. Ryan, 525 S.W.2d 863, 866 (Tex. 1975); Marmon v. Mustang Aviation, Inc., 430 S.W.2d 182, 187 (Tex.1968).  It is not necessary for us to analyze the statute by using such aids to statutory construction in face of the Supreme Court's clear determination of the Legislature's intent in Glyn-Jones that the Legislature intended the language of Section 545.413(g) to limit sanctions for failure to use a seatbelt to the criminal penalty provided by statute.

The judgment is reversed.  The decision of the Administrative Hearings Law Judge is affirmed.


Phil Johnson
Chief Justice