ACCEPTED
12-16-00154-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/7/2016 3:00:51 PM
Pam Estes
CLERK

# COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

7/7/2016 3:00:51 PM

PAM ESTES
Clerk

## CASE NO.

## 12-16-00154-CR

## EX PARTE JAMES IAN HAWKES

## APPEAL FROM THE 173rd JUDICIAL DISTRICT COURT
## HENDERSON COUNTY, TEXAS

## BRIEF OF DEFENDANT-APPELLANT

**ORAL ARGUMENT
REQUESTED**

**F. CLINTON BRODEN
TX Bar No. 24001495
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
(214) 720-9552
(214) 720-9594(facsimile)
clint@texascrimlaw.com**

**Attorney for James Ian Hawkes**

# IDENTITY OF PARTIES AND COUNSEL

**Plaintiff-Appellee:**   State of Texas

**Trial Counsel:**    Daniel Cox
          Henderson County District Attorney's Office
          109 W. Corsicana Street #103
          Athens, Texas 75751

**Appellate Counsel:**   Henderson County District Attorney's Office
          109 W. Corsicana Street #103
          Athens, Texas 75751

**Defendant-Appellant:**  James Ian Hawkes

**Trial Counsel:**    Steven R. Green
          217 N. Palestine Street, Suites B & C
          Athens, Texas 75751

**Appellate Counsel:**   F. Clinton Broden
          Broden & Mickelsen
          2600 State Street
          Dallas, Texas 75204

# TABLE OF CONTENTS

**Page**

IDENTITY OF THE PARTIES AND COUNSEL...................................................2

TABLE OF CONTENTS.....................................................................................3

TABLE OF AUTHORITIES................................................................................4

STATEMENT OF THE CASE.............................................................................5

STATEMENT REGARDING ORAL ARGUMENT.............................................6

ISSUE PRESENTED...........................................................................................7

STATEMENT OF FACTS...................................................................................8

SUMMARY OF THE ARGUMENT...................................................................10

ARGUMENT......................................................................................................12

    I.  The Instant Prosecution is Barred by the Fifth Amendment to the United States Constitution.............................................................................................12

    II.  The Instant Prosecution is Barred by Principles of Collateral Estoppel......15

PRAYER............................................................................................................17

CERTIFICATE OF SERVICE...........................................................................18

CERTIFICATE OF COMPLIANCE...................................................................19

# TABLE OF AUTHORITIES

**Page**

## Cases

*Ashe v. Swenson,* 397 U.S. 436 (1970)..................................................................12

*Ex parte Robinson,* 641 S.W.2d 552 (Tex. Crim. App. 1982)...................................12

*Hudson v. United States,* 52 U.S. 93 (1997)...........................................................13

*In re Necessary,* 333 S.W.3d 782 (Tex. App. - Houst. [1st Dist.] 2010)..............*passim*

*McDonald v. City of Chicago, Ill.,* 561 U.S. 742 (2010)...............................................14

*Reynolds v. State,* 4 S.W.3d 13 (Tex. Crim. App. 1999)............................................15

*State v. Aguilar,* 947 S.W.2d 257 (Tex. Crim. App. 1997).......................................15

*United States v. Dixon,* 509 U.S. 688 (1993)..........................................................12

*United States v. Halper,* 490 U.S. 435 (1989)..........................................................13

## Other Authorities

United States Constitution Amendment II.........................................................*passim*

United States Constitution Amendment IV.......................................................*passim*

Tex. Code Crim. P. Art. 7A...............................................................................8, 15

Tex. Code Crim. P. Art. 17.292..............................................................................13

Tex. Penal Code § 42.072.........................................................................................5

## STATEMENT OF THE CASE

James Ian Hawkes was charged by indictment with three counts of stalking Jennifer Goines in violation of Tex. Penal Code § 42.072 . CR at 1-4.[1]

Mr. Hawkes filed a Verified Plea of Double Jeopardy as well as a Pretrial Writ of Habeas Corpus to Dismiss the Indictment on Grounds of Double Jeopardy and a pretrial motion to dismiss on Grounds of Collateral Estoppel. *Id*. at 20-22, 32-41. Relief on the double jeopardy claim and the related collateral estoppel claim was denied at a hearing held on May 4, 2016. RR at 27. Mr. Hawkes filed a Notice of Appeal from that denial on May 24, 2016. CR at 43-44.

---

[1]References to the Clerk's Record ("CR") refer to the page number.

# STATEMENT REGARDING ORAL ARGUMENT

Mr. Hawkes requests oral argument.

## ISSUE PRESENTED

Whether the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and/or the principles of Collateral Estoppel bar the stalking prosecution in this case.

## STATEMENT OF FACTS

On November 5, 2014, the 173rd District Court- the same court in which the instant indictment is pending- held a protective order hearing in Cause Number 2014B1014.[2] The protective order case was prosecuted by the Henderson County District Attorney's Office. The issues the District Court was required to decide in that hearing under Tex. Code Crim. P. Art. 7A.03, were whether the complainant in the instant case was "the victim of sexual assault or abuse, stalking or trafficking" at the hands of James Ian Hawkes. At the conclusion of the hearing, the District Court found "family violence" and "sexual abuse." Supp. I CR at 189-92; Supp. II CR at 386-89.

As a result of the Court's findings, it entered a two-year protective order. Among other things, the protective order denied Mr. Hawkes contact with his son, restricted his movement, limited his ability to prepare for his criminal case by denying him the right to employ an investigator and denied him rights under the Second Amendment to the United States Constitution to possess a firearm.

Also, at the conclusion of the hearing, the Henderson County District Attorney's Office, apparently trying to gain an advantage in the instant proceedings,

---

[2]The transcript of that protective hearing is in the Supplement Clerk's Record Vol I (Supp. I CR at 5-194) and Supplemental Clerk's Record Vol II (Supp. II CR at 197-391).

requested the Court "make a stalking finding" stating that it believed there were "reasonable grounds" to believe that Mr. Hawkes "stalked" the Complainant. Supp. I CR at 191-92; Supp. II CR at 388-89. The prosecutor explained that the requested finding of stalking was based on Mr. Hawkes's alleged "repeated text messages" to the complainant. *Id.*[3] The Court refused the State's request for such a finding. *Id.*

As noted above, in connection with the instant criminal case Mr. Hawkes filed a Verified Plea of Double Jeopardy as well as a Pretrial Writ of Habeas Corpus to Dismiss the Indictment on Grounds of Double Jeopardy and a pretrial motion to dismiss on Grounds of Collateral Estoppel. The District Court denied relief stating that it "never heard of a civil case being used in a criminal case...." RR at 27.

---

[3]The indictment in this case contains three different counts of the offense of stalking. Each count contains three almost identical paragraphs. Paragraph A of each count accuses Mr. Hawkes of engaging in a scheme to send "[repeated] text messages" to the complainant. Paragraph B of each count also accuses Mr. Hawkes of engaging in a scheme to send "[repeated] text messages" to the complainant. Paragraph C of each count accuses Mr. Hawkes of engaging in a scheme to make "repeated telephone communications" to the complainant.

## SUMMARY OF THE ARGUMENT

In determining whether civil penalties imposed as a result of the same alleged conduct for which a defendant is being prosecuted implicate Double Jeopardy protections, courts look to the punitive effects of such penalties. Here, as a result of the protective order hearing in which Mr. Hawkes was charged with the same alleged conduct as alleged in the instant indictment, his movements were limited for a two year period, he was prohibited from having contact with his own son, he was prohibited from employing an investigator which might directly impact his ability to defend himself in his criminal case, and he was prohibited from exercising his constitutional rights under the Second Amendment to the United States Constitution. Consequently, in light of the punitive and long lasting effects of these sanctions entered against Mr. Hawkes that were imposed as a result of the protective order hearing, the Double Jeopardy clause of the United States Constitution prohibits the instant prosecution.

With regard to the collateral estoppel component of the Double Jeopardy Clause, at the conclusion of a full protective order hearing in which the complainant in the instant case testified, the very same District Attorney's office now prosecuting Mr. Hawkes requested the District Court to "make a stalking finding" based on Mr. Hawkes's alleged "repeated text messages" to the complainant. The Court refused

the State's request for such a finding. The protective order hearing was a full hearing; between the same parties; with a fact finder acting in a judicial capacity and the fact issue (*i.e.* whether Mr. Hawkes stalked the complainant with "repeated text messages") was the same in that proceeding as it would be in the instant case. The State voluntarily chose to ask for a ruling on this issue at the protective order hearing and it should not now have a second bite at the apple simply because it did not like the answer.

## ARGUMENT

The Texas Court of Criminal Appeals established that a pretrial writ of habeas corpus is an appropriate procedure to review an individual's claim of double jeopardy. *Ex parte Robinson*, 641 S.W.2d 552 (Tex. Crim. App. 1982). Moreover, the denial of a pretrial writ of habeas corpus based upon a claim of double jeopardy is an appealable order. *Id*. at 555.[4]

## I. THE INSTANT PROSECUTION IS BARRED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

The Constitution of the United States, in the Fifth Amendment, declares: "…nor shall any person be subject [for the same offense] to be twice put in jeopardy of life or limb." The prohibition also prohibits multiple punishments for the same episode, or, the re-litigation of any fact that was litigated in the previous judgment. *Ashe v. Swenson,* 397 U.S. 436, 443 (1970).

The United States Supreme Court has held that, in some circumstances, the Double Jeopardy Clause bars subsequent criminal prosecution of offenses which form the basis of a previous order similar to the one entered in this case.[5] Indeed, contrary

---

[4]Because Mr. Hawkes argues that the district court misapplied double jeopardy law in this case, the denial of pretrial habeas corpus relief should be reviewed *de novo*. *In re Necessary*, 333 S.W.3d 782, 787 (Tex. App.–Houst. [1st Dist.] 2010).

[5] *United States v. Dixon,* 509 U.S. 688, 700 (1993) (Double Jeopardy precluded prosecution for assault on his wife following prosecution for criminal contempt for violating civil protection order which prohibited assault on her).

12

to the District Court's understanding that it "never heard of a civil case being used in a criminal case," the Double Jeopardy Clause may, in fact, be implicated even when the prior case is not itself a criminal proceeding.[1] In the case of civil penalties the courts look to the punitive effects of such penalties to determine if they implicated double jeopardy concerns.[2] "A statute that applies to behavior that is already a crime is more likely to be characterized as a criminal sanction [for double jeopardy purposes]. [Texas protective order statutes] appl[y] to behavior that is already a crime and [they] specifically provide[s] for further criminal penalties for violating the protective order."[3]

Mr. Hawkes recognizes that the Houston Court of Appeals rejected a similar argument in *Necessary.* Nevertheless, Mr. Hawkes submits that *Necessary* is distinguishable and, in any event, wrongly decided. For example, *Necessary* dealt with an emergency protective order under Tex. Code Crim. P. Art. 17.292, therefore, by statute the restrictions placed on Mr. Necessary would not have remained in place for more than 91 days. Here, in contrast, the restrictions on Mr. Hawkes movements are for two years. *Necessary,* in fact, notes that the emergency protective order in that

---

[1] *See e.g., United States v. Halper,* 490 U.S. 435, 446-448 (1989) (Double Jeopardy Clause implicated when civil fine is punitive).

[2] *Hudson v. United States,* 522 U.S. 93, 98 (1997).

[3] *In re Necessary,* 333 S.W.3d at 790.

case was "limited in…time." *Id.* at 791. Moreover, unlike *Necessary*, the protective order in this case prohibits Mr. Hawkes from having contact with his own son and also prohibits him from employing an investigator which might directly impact his ability to defend himself in his criminal case. It cannot be gainsaid that losing contact with one's small child for up to two years may be a greater "penalty" than some penalties imposed in criminal cases. Indeed, the court in *Necessary* also noted that the emergency protective order was limited to only prohibiting contact with the complainant in the criminal case. *Id.* at 791. Finally, in analyzing the disabilities placed on a person subject to a protective order, *Necessary* wrongly discounted the firearm disability by not recognizing the fact that this disability denied Mr. Necessary his constitutional rights under the Second Amendment to the United States Constitution. *See McDonald v. City of Chicago, Ill.,* 561 U.S. 742 (2010)(Holding that the Second Amendment right to keep and bear arms is fully applicable to the States.).

In light of the punitive and long lasting effects of the sanctions entered against Mr. Hawkes that were imposed as a result of the protective order hearing, Mr. Hawkes submits that the Double Jeopardy clause of the United States Constitution prohibits the instant prosecution.

## II. THE INSTANT PROSECUTION IS BARRED BY PRINCIPLES OF COLLATERAL ESTOPPEL

"[C]ollateral estoppel is a component of federal constitutional double jeopardy jurisprudence...." *Reynolds v. State*, 4 S.W.3d 13, 19 (Tex. Crim. App. 1999). The elements of collateral estoppel are: (1) there must be a full hearing; (2) between the same parties; (3) with a fact finder acting in a judicial capacity; and (4) the fact issue must be the same in both proceedings. *See State v. Aguilar*, 947 S.W.2d 257, 259-60 (Tex. Crim. App. 1997).

Mr. Hawkes submits that collateral estoppel principles prohibit the state from relitigating the issue of whether Mr. Hawkes "stalked" the complainant. First, in connection with the proceedings under Tex. Code Crim. P. Art. 7A, there was a full hearing on the issue of whether there were "reasonable grounds to believe" Mr. Hawkes had sexually assaulted or abused, stalked or trafficked Jennifer Goines. Indeed, Ms. Goines testified fully at the protective order hearing and the Court was presented with the alleged "[repeated] text messages." Second, at that protective order hearing, Ms. Goines was represented by the same prosecutorial office prosecuting Mr. Hawkes in the instant case. Third, the district judge presiding over the protective order hearing is the exact same district judge presiding over the instant case. Finally, the same issue that was in dispute at the protective order hearing would be one of the issues in dispute in the instant case, to wit: whether Mr. Hawkes

15

"stalked" Ms. Goines.

Indeed, if the parties elected to have a bench trial in the criminal case, it would be completely disingenuous for the District Court, listening to essentially the same evidence of alleged stalking, to find that the Henderson County District Attorney's Office proved beyond a reasonable doubt what it previously found that office could not even establish under a "reasonable grounds to believe" standard. Likewise, even if the parties proceeded to a jury trial, the District Court would likely be duty bound to direct a verdict given that it would be almost impossible to conclude that a reasonable jury could find beyond any reasonable doubt what the District Court could not find under the much more deferential "reasonable grounds to believe" standard.

## **PRAYER**

For the foregoing reasons, this Court should grant Mr. Hawkes' Writ of Habeas

Corpus and order that the indictment against Mr. Hawkes be dismissed.


Respectfully submitted,


/s/F. Clinton Broden
F. CLINTON BRODEN
TX Bar No. 24001495
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
(214) 720-9552
(214) 720-9594(facsimile)
clint@texascrimlaw.com

Attorney for James Ian Hawkes

## CERTIFICATE OF SERVICE

I, F. Clinton Broden, do hereby certify that, on this 7th day of July, 2016, I caused a copy of the foregoing document to be served by first class mail, postage prepaid, on the Henderson County District Attorney's Office, 109 W. Corsicana Street #103, Athens, Texas 75751.

/s/ F. Clinton Broden
F. Clinton Broden

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Tex. R. App. P.9.4 because this brief contains 1,906 words, excluding the parts of the brief exempted by the rule.

/s/ F. Clinton Broden
F. Clinton Broden