Opinion issued October 30, 2003










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00324-CR




DARRELL KEITH KAPPMEYER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 942586




O P I N I O N
          This is an accelerated appeal from the denial of habeas corpus relief. Appellant
was charged with the felony offense of sexual assault of a child. He filed a pretrial
application for writ of habeas corpus, asserting that the State was precluded by double
jeopardy and collateral estoppel from prosecuting him for the offense charged, based
upon the denial of a petition to revoke his probation filed in federal court. Following
an evidentiary hearing, the trial court denied relief. We affirm.
Background
          The United States charged appellant with theft or embezzlement from an
employee benefit plan. On September 16, 1996, appellant plead guilty and was
sentenced to five years probation. One of the conditions of appellant’s probation
prohibited him from committing “another federal, state, or local crime during the term
of his supervision.” On October 24, 2002, the State of Texas indicted appellant for
sexual assault of a child. The indictment alleged that the sexual assault occurred on 
or about August 15, 1999.
          On February 4, 2003, the Federal Probation Department filed a petition to
revoke appellant’s federal probation, alleging that appellant had violated the above
condition of his probation. On March 5, 2003, at the revocation proceeding, the
federal court dismissed the petition to revoke appellant’s probation. The State of
Texas did not appear at the proceeding. Appellant contends that, because the federal
court dismissed the petition to revoke his probation, the State, due to its acquiescence
and/or encouragement of the federal court proceedings, is barred by collateral
estoppel from prosecuting him for sexual assault of a child.
 
Standard of Review

           The burden is upon the individual alleging that collateral estoppel bars
prosecution to establish the elements of collateral estoppel. State v. Aguilar, 947
S.W.2d 257, 260 (Tex. Crim. App. 1997). Generally, a trial court’s ruling in a habeas
corpus proceeding should not be disturbed unless the court has clearly abused its
discretion. Ex parte Martin, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); Ex parte
Shutter, 868 S.W.2d 383, 387 (Tex. App.—Houston [1st Dist.] 1993, writ. ref’d). We
give the same deference to the trial court’s rulings on applications of law to fact
questions when the resolution of those ultimate questions turns on an evaluation of
credibility and demeanor. Martin, 6 S.W.3d at 526. If the resolution of those
ultimate questions turns on an application of legal standards, so that the trial court is
not in an appreciably better position than are we to make the determination, we are
to conduct a de novo review of the trial court’s determination. Guzman v. State, 955
S.W.2d 85, 87 (Tex. Crim. App. 1997).
          The parties disagree as to whether we are to conduct a deferential or de novo
review of the trial court’s ruling. Relying on Guzman, appellant contends that
because the ultimate resolution of this matter does not turn upon an evaluation of
credibility or demeanor, but on an application of legal standards, we must conduct a
de novo review. Id. In contrast, the State urges that we conduct a deferential review. 
In support of its contention, the State relies on Manzi v. State, 88 S.W.3d 240, 241,
243-44 (Tex. Crim. App. 2002), in which the Court of Criminal Appeals stated that
all determinations of historical fact made by a trial court are entitled to deference, not
just those that require the trial court to evaluate credibility and demeanor. The State
contends that the trial court’s determination of whether or not a hearing sufficient to
invoke collateral estoppel took place in federal court is a question of historical fact;
therefore, during the writ hearing, the state court considered documentary evidence
which, according to Manzi, requires that we conduct a deferential review of that
court’s determination. Manzi, 88 S.W.3d at 243-44.
          We agree that the trial court’s conclusion was based upon documentary
evidence submitted by defense counsel at the writ hearing. If this Court were
reviewing the trial court’s determination as to whether some proceeding took place
in federal court regarding the possible revocation of appellant’s federal probation, we
would be reviewing a determination of historical fact, and therefore conduct a
deferential review of that determination. Id. at 241, 243. The parties, however, do
not dispute the historical fact that some proceeding took place in federal court
concerning revocation of appellant’s federal probation; but instead, they dispute the
legal effect of that proceeding. Because we conclude that the issue before this Court
turns on the application of legal standards, we conduct a de novo review of the trial
court’s determination. Guzman, 955 S.W.2d at 87.
 
Collateral Estoppel
          In appellant’s sole point of error, he contends that the trial court erred in
holding that the doctrine of collateral estoppel does not bar the State from prosecuting
him for sexual assault of a child.
          Collateral estoppel “means simply that when an issue of ultimate fact has once
been determined by a valid and final judgment, that issue cannot again be litigated
between the same parties in any future lawsuit.” Ashe v. Swenson, 397 U.S. 436, 443,
90 S. Ct. 1189 (1970). Appellant must prove the elements of collateral estoppel. 
Guajardo v. State, 109 S.W.3d 456, 460 (Tex. Crim. App. 2003). First, he must
establish there was a “full hearing” at which both parties were given the opportunity
to thoroughly and fairly litigate the relevant factual issue. State v. Aguilar, 947
S.W.2d 257, 259-60 (Tex. Crim. App. 1997). He must then demonstrate that the fact
issue was the same in both proceedings. Id. Finally, he must establish that the finder
of fact acted in a judicial capacity. Id. Because we conclude that appellant failed to
establish that there was a full hearing at which both parties were given the
opportunity to thoroughly and fairly litigate the relevant factual issue, we address
only that element of appellant’s claim.
Did Both Parties Litigate the Issue
          As a general rule, the doctrine of dual sovereignty defeats the elements of
collateral estoppel which requires that the State be a litigant in both proceedings. The
doctrine of dual sovereignty allows the United States to “prosecute a defendant after
an unsuccessful state prosecution based on the same conduct even if the elements of
the state and federal offenses are identical.” United States v. Angleton, 314 F.3d 767,
771 (5th Cir. 2002), cert. denied, 123 S. Ct. 1649 (2003). Likewise, the doctrine
permits the states to prosecute a defendant following a federal prosecution. Reynolds
v. State, 548 S.W.2d 733, 735-36 (Tex. Crim. App. 1977); Ex Parte Bui, 983 S.W.2d
73, 76 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d). It is undisputed that in the
probation proceeding, the prosecutor was the federal government, whereas the State
of Texas is the party seeking to prosecute appellant for sexual assault of a child.
          Relying on Bartkus v. Illinois, 359 U.S. 121, 123, 79 S. Ct. 676 (1959),
appellant argues that because of the interaction that occurred between the federal and
state governments, “the contention that the doctrine of dual sovereignty trumps the
application of collateral estoppel must fail.” We have located no reported Texas
cases supporting the proposition that the doctrine of dual sovereignty “trumps” the
application of collateral estoppel. The Fifth Circuit has written that the focus, when
analyzing the relationship between collateral estoppel and dual sovereignty, is on
whether or not the state and federal government are the same parties. See Angleton,
314 F.3d at 776 (“Collateral estoppel is inapplicable here, because the United States
and Texas, as separate sovereigns, are not the ‘same party.’”); See also United States
v. Hayes, 589 F.2d 811, 819 (5th Cir. 1979), cert. denied, 444 U.S. 847 (1979). As
a general rule, recognizing that the United States and the State of Texas are separate
sovereigns, and therefore separate parties, appellant’s collateral estoppel claim will
fail because appellant is unable to establish a common identity of the federal and state
governments. Aguilar, 947 S.W.2d at 259-60.
The “Bartkus Exception”
          Although the State did not raise the dual sovereignty doctrine in the writ
hearing, appellant, citing Ex Parte Taylor, 36 S.W.3d 883, 886 (Tex. Crim. App.
2001), conceded that this Court may affirm the trial court’s judgment if it is correct
under any legal theory. Appellant argues that even though the federal and state
governments are separate sovereigns, they should be treated as the same party for
purposes of collateral estoppel under the “Bartkus exception.” In Bartkus v. Illinois,
359 U.S. 123-24 (1959), the United States Supreme Court, discussed as dictum a
possible exception to the dual sovereignty doctrine: if, in a criminal proceeding, one
sovereign becomes so involved in another sovereign’s prosecution, such that a
subsequent prosecution by the non-prosecuting sovereign amounts to a “sham and a
cover” for the first prosecution, the doctrine of dual sovereignty may not be used as
a basis for the latter prosecution. Based on the facts of Bartkus, the Supreme Court
ultimately rejected such exception and upheld the prosecution. Id.
          This Court considered applying the “Bartkus exception” in Ex Parte Bui, 983
S.W.2d 73, 76 (Tex. App.—Houston [1st Dist.] 1998, pet ref’d). We determined that
“Texas law has not recognized the so-called “Bartkus exception” to the dual
sovereignty rule.” Id. We stated that as of the issuance of the opinion, we had not
found any cases from Texas or from any other jurisdiction where a defendant had
prevailed under the “Bartkus exception.”


 Id.
          Two cases from federal circuit courts have implicitly recognized the “Bartkus
exception,” holding that the respective cases warranted further fact-finding on
whether the exception applied.


 See e.g. United States v. All Assets of G.P.S.
Automotive Corp., 66 F.3d 483, 496 (2d Cir. 1995); United States v. Bernhardt, 831
F.2d 181, 183 (9th Cir. 1987).
          In United States v. All Assets of G.P.S. Automotive Corp., a salvage yard owner
was convicted in state court of possession of stolen property, falsifying business
records, and illegal possession of vehicle identification numbers. After the state
proceeding was concluded, the federal government instituted a forfeiture proceeding. 
The following evidence was presented in support of the “Bartkus exception” to the
dual sovereignty doctrine: (1) the district attorney’s office referred the case to the
federal government; (2) the majority of the evidence used in the federal proceeding
was obtained from the state proceeding; (3) the state prosecuting attorney served as
a special U.S. Attorney in the federal proceeding. All Assets of G.P.S. Automotive
Corp., 66 F.3d at 494. The Second Circuit stated:
if this case involved no more than the cooperation between federal and
state officials alleged here, we would surely be required to affirm the
District Court’s decision that this case does not fit into Bartkus’s
‘narrow exception to the dual sovereignty doctrine.’

 Id. at 495 (citation omitted).
          In United States v. Bernhardt, the Ninth Circuit entertained the possibility that
the “Bartkus exception” might apply, but did not decide the issue. Instead, it
remanded for further fact finding. While the “Bartkus exception” did not bar
cooperation between state and federal prosecutors, the court noted that “cooperation
between state and federal authorities is a welcome innovation.” 831 F.2d 181, 182-83
(9th Cir. 1987).
          In Angleton, the defendant was acquitted of capital murder in a Harris County
District Court. Following his acquittal, the Harris County District Attorney’s office
requested that the U.S. Attorney’s office investigate the murder. Id. at 770. A joint
task force was assembled, consisting of officers from the Houston Police Department
(HPD) and agents from the Federal Bureau of Investigations (FBI). The task force
was given all of the evidence from the previous state prosecution, and three HPD
officers, while remaining on city payroll, were appointed deputy U.S. Marshals. Id. 
The two Harris County assistant district attorneys who had prosecuted the first case
for the State assisted with the federal investigation. Id. After his federal indictment
was returned, Angleton contended that (1) collateral estoppel prevented a federal jury
from deciding fact questions previously decided by a state jury, and, (2) in light of the
cooperation between the state and federal officials, the federal government was
precluded by the “Bartkus exception” to the doctrine of dual sovereignty from
bringing the subsequent federal prosecution. Id. at 776, 773-74.
          The Fifth Circuit quickly rejected Angleton’s collateral estoppel argument. It
noted that collateral estoppel was inapplicable because the United States and State of
Texas were separate sovereigns, and therefore not the same party. Id. at 776. The
court questioned the viability of the “Bartkus exception,” writing that
The Bartkus Court’s failure to identify a particular instance of a sham
prosecution may mean that the exception does not exist. Indeed, the
close interaction between the federal and state authorities in Bartkus,
which included the federal prosecutor’s decision to ‘instigate and guide’
the successive state prosecution, suggests that the sham exception exists
only in the rarest of circumstances.

 
Angleton, 314 F.3d at 773-74 (citations omitted). Finally, the court opined that “the
facts of Bartkus demonstrate that the degree of cooperation between federal and state
authorities cannot, by itself, constitute a sham prosecution.” Id. 
          We agree with the Fifth Circuit to the extent that cooperation between federal
and state authorities cannot, by itself, constitute a sham prosecution. Therefore, we
see no basis for deviating from our holding in Ex Parte Bui, wherein we held that
Texas law has not recognized the so-called “Bartkus exception” to the dual
sovereignty doctrine.
          We overrule appellant’s sole point of error.
Conclusion
          We hold that appellant failed to demonstrate that the same parties participated
in a full hearing in the federal probation revocation hearing. The judgment of the trial
court is affirmed.
 
 
                                                             Adele Hedges
                                                             Justice
 
Panel consists of Justices Hedges, Nuchia, and Higley.
Publish. Tex. R. App. P. 47.4.